United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation, | No. C 08-04397 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND TO STRIKE** |
| DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation, | |
| Defendant. | |

## INTRODUCTION

In this trademark action, defendant Dassault Systèmes SolidWorks Corporation moves to dismiss plaintiff's complaint or, alternatively, moves to strike allegations extraneous to plaintiff's claims. For the following reasons, SolidWorks' motion to dismiss is **GRANTED IN PART AND DENIED IN PART** and SolidWorks' motion to strike is **GRANTED**.

## STATEMENT

Plaintiff Autodesk, Inc. has filed a complaint against defendant SolidWorks for unfair competition, false designation of origin, false advertising, trademark infringement, and trade dress infringement under the Lanham Act, as well as, unfair business practices, deceptive business practices, unlawful business practices, and deceptive, false and misleading advertising under California law.

Autodesk is a leader in the field of computer-aided design or "CAD" software, which is used in design applications by architects, engineers, manufacturers and others. Autodesk introduced its AutoCAD program in 1982. AutoCAD software is used to create and document designs and visualize, simulate, and analyze real-world performance early in the design process by creating digital prototypes. AutoCAD and other AutoDesk applications allowed users to create and store user files in the DWG format, which bear the file extension "dwg."

AutoDesk alleges it has used the DWG name and file format with its CAD software products since the introduction of AutoCAD in late 1982. AutoDesk has also used a logo with DWG on its website, product packaging, and as a computer file icon. To license its DWG technology, AutoDesk started the RealDWG program.

Since 2006, Autodesk has promoted itself with the tagline "Experience It Before It's Real." Since March 2007, Autodesk has used an orange frame outline on its software DVD cases and marketing materials for its Autodesk Inventor product.

\*          \*          \*

SolidWorks is a CAD software company that develops and markets various CAD products. Autodesk alleges that SolidWorks incorporated a reverse-engineered form of Autodesk's DWG file format. According to Autodesk, SolidWorks has engaged in misleading marketing to confuse design professionals about the compatibility of SolidWorks' programs with Autodesk's AutoCAD software. SolidWorks' product names have included DWGeditor, DWGgateway, DWGseries, DWGviewer, and DWGnavigator, and these product names are incorporated in the domain names of SolidWorks' websites. SolidWorks has sought federal registrations for the DWGeditor and DWGgateway. Proceedings are pending before the Trademark Trial and Appeal Board in which Autodesk sought to cancel the DWGeditor registration and opposed the DWGgateway application. SolidWorks also used Autodesk's AutoCAD mark on SolidWorks' websites. SolidWorks' websites and marketing campaign feature a logo design that allegedly combines the "real" element of Autodesk's RealDWG mark and tagline with the trade dress found on the Autodesk Inventor packaging.

**ANALYSIS**

**1. LEGAL STANDARD.**

On a motion to dismiss, a district court must accept all well-pled allegations of the complaint as true, but the district "court may look beyond the plaintiff's complaint to matters of public record." *Shaw v. Hahn*, 56 F.3d 1128, n.1 (9th Cir. 1995). A complaint should not be dismissed unless it is clear that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Even if the chance of recovery is remote, a court must allow plaintiff the opportunity to develop a case. Dismissal is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

**2. UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN.**

**A. Genericness of DWG and Real.**

Asserting that Autodesk cannot state a claim for unfair competition and false designation of origin based on its use of DWG and Real, SolidWorks contends that these terms are generic. SolidWorks further contends that DWG is functional. Autodesk counters that a determination that DWG and Real are generic and that DWG is functional is inappropriate on a motion to dismiss. This order agrees. Genericness and functionality are questions of fact, making dismissal under Rule 12(b)(6) inappropriate. *See Yellow Cab Co. v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928–29 (9th Cir. 2005) ("Whether a mark is generic is a question of fact"); *Clicks Billiards, Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1258 (9th Cir. 2001) ("Functionality is a question of fact").

**B. Ownership of DWG.**

SolidWorks next argues that Autodesk does not own the DWG mark because it is not the senior user. SolidWorks cites its own first use in June 2005 and Open Design Alliance's use in February 1998. SolidWorks relies on Autodesk's submissions to the Patent and Trademark Office stating that Autodesk's earliest first use of DWG in commerce was November 28, 2005. Autodesk counters that its submission stated that it had used DWG "*at least as early* as

3

November 28, 2005" and points to its allegation in the complaint that it has used DWG since 1982.[1]

For purposes of a Rule 12 motion, Autodesk's allegation in the complaint that it has used DWG since 1982 must be accepted as true. None of the decisions SolidWorks cites in support of its senior user argument involved a motion to dismiss in which facts alleged in the complaint must be accepted as true. A Rule 12(b)(6) analysis addresses the legal sufficiency of a claim, but does not reach its merits or decide the truth of plaintiffs' factual allegations. The well-pled allegations of a complaint, although unsworn, must be liberally construed and presumed correct unless and until the moving party demonstrates that all factual scenarios within the ambit of the claim are shams. *See, e.g., North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). Construing Autodesk's allegations liberally in its favor, as one must, leads to the conclusion that Autodesk's unfair competition and false designation claims withstand SolidWorks' motion to dismiss. So, the motion is **DENIED**.

3.    **FALSE ADVERTISING.**

   A.    **Puffery.**

Autodesk asserts a claim for false advertising and alleges that SolidWorks makes the following misrepresentations about SolidWorks' products: (a) SolidWorks' "unique capability helps you maintain file and design process compatibility, win business, and save time — all while avoiding expensive AutoCAD upgrade costs or subscription fees;" (b) "DWGgateway is the first free data translation plug-in that lets AutoCAD users work easily with DWG files created by any version of AutoCAD software;" (c) SolidWorks' product will "save DWG files to any version of AutoCAD software;" and (d) SolidWorks' product allow users to "open, edit and share DWG data more effectively with others." (Compl. ¶¶ 24, 47). SolidWorks argues that statements (a), (b), and (d) are puffery and non-actionable.

---

[1] In support of its motion, SolidWorks requested judicial notice of numerous exhibits, including exhibits that are printouts of registrations or applications that contain the term "DWG" from the PTO's website (Request Exhs. 7, 11–13). This order grants SolidWorks' requests under Federal Rule of Evidence 201(b). *See, e.g., Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 (Fed. Cir. 1993) (taking judicial notice of publicly available records of the PTO). Similarly, Autodesk requested judicial notice of a trademark application (Request Exh. 2), and this order grants Autodesk's request.

4

A determination of whether a statement is puffery is a legal question that may be (but need not always be) resolved on a Rule 12(b)(6) motion. A statement is puffery if the claim is extremely unlikely to induce consumer reliance. "[A] statement that is quantifiable, that makes a claim as to the specific or absolute characteristics of a product, may be an actionable statement of fact while a general, subjective claim about a product is non-actionable puffery." *Newcal Indus., Inc. v. Ikon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008) (citation and quotation omitted). "Puffing is exaggerated advertising, blustering, and boasting upon which no reasonable buyer would rely." *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1145 (9th Cir. 1997).

Autodesk argues that statements (a), (b), and (d) read in the context of SolidWorks' advertising campaign suggest or imply that there are no compatibility issues between the parties' products. Subject to proof, this order accepts Autodesk's allegation that the advertisement implies compatibility.

Statement (a) is non-actionable puffery. Statement (a) does not contain the kind of detailed or specific factual assertions necessary to state a false advertising claim. Even though statement (a) claims a "unique capability" to help maintain "compatibility," it also says that users of the product will "win business" and "save time" while avoiding plaintiff's "expensive" product. This vague and highly subjective claim is so exaggerated as to preclude reliance by consumers and amounts to a general claim of superiority. *See Coastal Abstract Service, Inc. v. First American Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999) (defendant's vague and suggestive statement that a competitor was "too small" to handle a client's business was puffery). Accordingly, statement (a) does not support Autodesk's claim for false advertising.

Statements (b) and (d), claiming that users can "work easily with DWG files created by any version of AutoCAD software" or "open, edit, and share DWG data," seem to describe specific characteristics of SolidWorks' products that could be tested. Accordingly, subject to proof, a jury will have to decide.

SolidWorks' motion to strike statement (a) as puffery is **GRANTED**.

5

### B. Allegations of Falsity.

SolidWorks contends that a Lanham Act false advertising claim is a fraud claim and, thus, Autodesk's false advertising claim lacks specificity as required by the heightened pleading standard under Federal Rule of Civil Procedure 9(b). SolidWorks acknowledges that neither the Ninth Circuit nor this Court has addressed the extent to which Rule 9(b) applies to Lanham Act claims. Because SolidWorks has not provided any persuasive authority for its argument that a false advertising claim is subject to a heightened pleading standard, this order declines the invitation to impose one. *See Mintel Learning Tech., Inc. v. Beijing Kaidi Educ. & Tech. Dev. Co.*, No. C 06-7541, 2007 U.S. Dist. LEXIS 59946, at *24 (N.D. Cal. Aug. 9, 2007).

In the alternative, SolidWorks argues that Autodesk has not met the notice pleading standard of Rule 8 for statements (b), (c), and (d), because Autodesk has not alleged that the statements are false. The complaint states that "Autodesk is informed and believes that these claims are false." (Compl. ¶ 24). Autodesk goes on to describe why these statement are allegedly false when it states SolidWorks' "reverse engineering is evidently imperfect, and can cause file corruption, malformed data and instability problems in the '.dwg'-labeled files the DS SolidWorks products save when such files are re-introduced into the AutoCAD program." SolidWorks contends that Autodesk's claims about its products, even if true, are not mutually exclusive with SolidWorks' statements. At this stage of a motion to dismiss, all inferences are to be drawn in Autodesk's favor. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 340 (9th Cir. 1996). Even if the Rule 9(b) heightened pleading standard applied, Autodesk has explained the manner in which the representations are allegedly false and misleading. Accordingly, Autodesk has sufficiently provided notice of its false advertising claim and, thus, SolidWorks' motion to dismiss this claim is **DENIED**.

### 4. FAIR USE.

SolidWorks contends that its use of the word AutoCAD is a fair use and, thus, Autodesk's trademark infringement claim should be dismissed. Nominative fair use of plaintiff's trademark is permitted if defendant can prove that: (1) the product in question is not readily identifiable without use of the trademark; (2) only so much of the mark is used as is

6

1 reasonably necessary to identify the product; and (3) the user does nothing which would, in
2 conjunction with the mark, suggest sponsorship or endorsement by the trademark holder.
3 *See Abdul-Jabbar v. Gen. Motors Corp.*, 85 F.3d 407, 412 (9th Cir. 1996).

4     SolidWorks argues that it uses AutoCAD to describe plaintiff or plaintiff's product and
5 even if the purpose is to promote SolidWorks' products, it is entitled to the nominative fair use
6 defense. SolidWorks also notes that its use includes a disclaimer that points out that AutoCAD
7 belongs to Autodesk. Autodesk counters that SolidWorks refers to AutoCAD 29 times on
8 defendant's website. Autodesk also argues that SolidWorks' use of a disclaimer does not
9 mitigate initial interest confusion.

10     Although at first blush all of the uses alleged would seem to be fair use, at least
11 arguably, analysis of nominative fair use is premature on a motion to dismiss, particularly given
12 the factual nature of the inquiry in this case. *See KP Permanent Make-Up, Inc. v. Lasting
13 Impression I, Inc.*, 408 F.3d 596, 609 (9th Cir. 2005) (fair use analysis involves questions of
14 facts); *Playboy Enters. v. Netscape Communs. Corp.*, 354 F.3d 1020, 1029 (9th Cir. 2000)
15 (disputed factual issue of consumer confusion also precludes summary judgment as to fair use).
16 Accordingly, SolidWorks' motion to dismiss the trademark infringement claim is **DENIED**.

17     **5.   TRADE DRESS INFRINGEMENT.**

18     Autodesk alleges a claim of trade dress infringement. The complaint alleges:
19 (I) Autodesk has used the mark RealDWG to identify its program since 2005; (ii) Autodesk has
20 used the tagline "Experience It Before It's Real" since 2006; (iii) Autodesk displays a
21 distinctive orange frame outline on its software DVD cases and marketing materials distributed
22 around the world for its Autodesk Inventor product; and (iv) SolidWorks has embarked on a
23 marketing campaign featuring a logo that combines the "real" element of AutoDesk's
24 RealDWG program and tagline with the distinctive trade dress found on Autodesk Inventor
25 packaging. (Compl. ¶¶ 35–37). SolidWorks argues that Autodesk's trade dress infringement
26 claim should be dismissed because Autodesk fails to plead the elements of the claim with
27 specificity.

28

Trade dress refers generally to the total image, design, and appearance of a product and may include features such as size, shape, color, color combinations, texture or graphics. To state a claim for trade dress infringement, plaintiff must allege: (1) that its trade dress is inherently distinctive or has acquired secondary meaning; (2) that its trade dress is nonfunctional; and (3) that defendant's product creates a likelihood of consumer confusion. *See Clicks Billiards, Inc.*, 251 F.3d at 1257–58.

SolidWorks argues that Autodesk does not specify the trade dress at issue. Autodesk, however, points to the orange frame on the Autodesk Inventor packaging as the trade dress in the complaint. Autodesk also alleges it has rights in its RealDWG mark and "Experience It Before It's Real" tagline in the complaint. It is unclear whether Autodesk contends the mark and tagline are also part of the total image, design, and appearance of the product that constitutes its trade dress. Autodesk must provide more detail and clarify the total appearance of the product that Autodesk claims is the trade dress at issue. The complaint does not sufficiently put SolidWorks on notice of the trade dress claim alleged. Autodesk's trade dress infringement claim is **DISMISSED**.

Because this order dismisses plaintiff's trade dress claim, it need not reach a decision on the issue of whether there is a likelihood of confusion or whether plaintiff sufficiently pled distinctiveness or secondary meaning.

### 6.   CLAIMS FOR VIOLATION OF CALIFORNIA LAW.

As acknowledged by both parties, the success of Autodesk's state law claims under California Business and Professional Code 17200 and 17500 is based on the same conduct and arguments for Autodesk's federal claims. To the extent this order finds that Autodesk properly states federal claims for unfair competition, false designation of origin, and false advertising (for statement ((b), (c), and (d)), Autodesk's state law claims for unfair business practices, unlawful business practices, deceptive business practices, and deceptive, false and misleading advertising are also not dismissed. SolidWorks' motion to dismiss Autodesk's state law claims is **DENIED**.

8

**7.     PRAYER FOR RELIEF.**

SolidWorks argues that it is improper for Autodesk to seek to cancel SolidWorks' trademark registration for the DWGEDITOR mark as a form of relief. To successfully cancel defendant's mark, plaintiff must plead: (1) that it has standing to petition in that it is likely to be damaged by the registration; and (2) that there are valid grounds why the registration should not continue to be registered. 3 MCCARTHY, J. THOMAS, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, 20:41 (2004). Autodesk contends that the most common ground for cancellation is Lanham Act Section 2d, that provides that the plaintiff owns a prior registered mark or has prior use of a mark or trade name that is confusingly similar to registrant's mark. Autodesk has not pled this is the basis for its prayer in the complaint. SolidWorks' motion to strike Autodesk's prayer for cancellation is **GRANTED**.

## CONCLUSION

For the foregoing reasons, SolidWorks' motion to dismiss is **GRANTED IN PART AND DENIED IN PART** and SolidWorks' motion to strike is **GRANTED**. Many of the cited troubles with the complaint may be cured. Plaintiffs may move by **JANUARY 7, 2008** for leave to amend. Any such motion should be accompanied by a proposed pleading and the motion should explain why the foregoing problems are overcome by the proposed pleading. Failing such a motion, all inadequately pled claims will be dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: December 18, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE