QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Brian C. Cannon (Bar No. 193071)
  Andrea Pallios Roberts (Bar No. 228128)
  Zachary M. Fabish (Bar No. 247535)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100
Attorneys for Defendant Dassault Systèmes
SolidWorks Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTODESK, INC., | CASE NO. 3:08-cv-04397-WHA |
| Plaintiff, | |
| vs. | **DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO AUTODESK, INC.'S FIRST AMENDED COMPLAINT** |
| DASSAULT SYSTÈMES SOLIDWORKS CORPORATION | |
| Defendant. | |

Defendant and counterclaimant Dassault Systèmes SolidWorks Corporation ("SolidWorks"), answering the First Amended Complaint of plaintiff and counter-defendant Autodesk, Inc. ("Autodesk") dated January 23, 2009, pleads and avers as follows.

SolidWorks denies all the material allegations in the unnumbered introduction to Autodesk's First Amended Complaint, including the allegations that SolidWorks seeks to "trade off or undermine Autodesk's accumulated goodwill" through use of "several misleading, unethical, and illegal techniques," which Autodesk alleges includes "improperly attract[ing] Autodesk customers to the DS SolidWorks product offerings by using the term DWG," "misrepresent[ing] the compatibility of its software with Autodesk," "improperly us[ing] and over-emphasiz[ing] Autodesk's AutoCAD registered trademark," and "mimic[ing] Autodesk's trade dress."  SolidWorks otherwise denies knowledge or information sufficient to constitute a

51459/2766299.6

CASE No. 3:08-cv-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

1   belief as to the truth of the remaining matters alleged in the unnumbered introduction to

2   Autodesk's First Amended Complaint.  SolidWorks further responds that the unnumbered

3   introduction to the First Amended Complaint states legal conclusions to which no responsive

4   pleading is required.

5        The lawsuit is an unfounded attempt by Autodesk, an acknowledged monopolist, to

6   prevent fair and healthy competition in the CAD marketplace.  Autodesk, through the claims

7   asserted in this lawsuit, seeks to disparage SolidWorks, and prevent SolidWorks, an important

8   Autodesk competitor, from offering interoperable software to customers and potential customers

9   in the CAD market.  Although entirely aware that it did not develop the "DWG" file extension,

10  and did not, for a period of more than two decades, ever even attempt or claim to use "DWG" as a

11  trademark or source identifier, by attacking long-standing and pervasive use of the term "DWG"

12  by many numerous companies and CAD customers for decades to describe a file format and

13  offerings that implement or are compatible with that format, Autodesk seeks to stifle

14  interoperability, customer choice and competition that could threaten its market dominance.

15       By the same token, Autodesk has no legal or factual basis to claim that SolidWorks has

16  engaged in any form of false or deceptive advertising regarding the SolidWorks products.  In fact,

17  and as Autodesk knows full well, Autodesk itself proudly and frequently advertises that its

18  products interoperate seamlessly with products such as those offered by SolidWorks.  In short,

19  Autodesk wants to be able to sell its products by telling the CAD market that its products

20  interoperate with SolidWorks' products, but then in this lawsuit seeks to prevent SolidWorks from

21  making those same sorts of claims to the CAD market.  Autodesk hopes that its superior market

22  and financial condition will allow it to crush healthy competition in the CAD market.

23       Finally, there is no substance to Autodesk's trade dress-based unfair competition or web-

24  based trademark infringement claim.  Autodesk is well aware that it has no uniform, definitive,

25  consistently-used trade dress, either on its website or on its product packaging.  Instead, Autodesk

26  uses numerous common graphical elements as part of its packaging and website designs.

27  Autodesk is no more in a position to claim that it owns or spearheaded the use of an orange frame

28

2

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

as a trade dress than it can claim it has the sole right to use the letters "DWG" in naming any of its products.  Autodesk, through the assertion of this unfair competition claim, again seeks to claim ownership of that which is cannot and does not own.   Autodesk cannot plausibly or credibly contend or prove that someone visiting the SolidWorks website will think even for a moment that they are on the Autodesk website, or that Autodesk is a sponsor or affiliate of SolidWorks.

SolidWorks will establish that Autodesk's claims are brought without legal or factual foundation, and with the intent to prevent a legitimate competitor from providing healthy competition in the CAD market.  SolidWorks will prevail in this case and will recover appropriate fees and costs from Autodesk for assertion of the claims herein.

# I. PARTIES

1.      SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.

2.      SolidWorks admits that SolidWorks is a Delaware corporation with offices at 300 Baker Avenue, Concord, Massachusetts 01742, and a wholly-owned subsidiary of Dassault Systèmes, S.A.  SolidWorks admits the remaining allegations of this paragraph for the purposes of this lawsuit.

# II. JURISDICTION AND VENUE

3.      SolidWorks responds that this paragraph states legal conclusions to which no responsive pleading is required.

4.      SolidWorks responds that this paragraph states legal conclusions to which no responsive pleading is required.

# III. INTRADISTRICT ASSIGNMENT

5.      SolidWorks responds that this paragraph states legal conclusions to which no responsive pleading is required.

# IV. GENERAL ALLEGATIONS

6.      SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

7.    SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

8.    SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

9.    SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

10.    SolidWorks admits that AutoCAD and other Autodesk applications create and store user files in the "DWG" format, and those files bear the file extension ".dwg"; denies that the "DWG" file format is proprietary to Autodesk and avers that ".dwg" is now a standard file format in the CAD software industry; denies that Autodesk has been using the "DWG" name with its CAD software products since the introduction of AutoCAD late in 1982; denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

11.    SolidWorks denies that "DWG" is not a generic or merely descriptive term, that "DWG" is recognized by design professionals as the name for Autodesk's proprietary technology and file format, that "DWG" is primarily associated with Autodesk and AutoCAD; and that since 1982, Autodesk's promotional materials, software user manuals and website have prominently featured the "DWG" name.  SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

12.    SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

13.    SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

14.    SolidWorks admits that other software companies have sought to develop applications which are interoperable with Autodesk's AutoCAD products.  SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

51459/2766299.6

4

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

15.     SolidWorks admits that Autodesk has a licensing program called RealDWG, and avers that Autodesk's RealDWG program was introduced after SolidWorks began launching its DWGseries products.  SolidWorks avers that ".dwg" is now a standard file format in the CAD software industry; denies that the RealDWG program is open to competitors.  SolidWorks alleges that when it sought admission into Autodesk's RealDWG program, it was denied.  SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

16.     SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

17.     SolidWorks admits that SolidWorks writes design data files in its native file formats and converts or translates the files into "DWG" format, and that the .dwg file extension is assigned to the translated data file for interoperability with other CAD programs.  SolidWorks denies that "DWG," standing alone, is a name or mark, that SolidWorks' conduct and use of the alleged "DWG" name and mark exceeds the limited purpose of achieving interoperability, and that SolidWorks is engaging in "blatant acts of unfair competition and misleading advertising." SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.  SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

18.     SolidWorks admits that it markets its software products to AutoCAD users. SolidWorks denies the existence of a "DWG brand," employing "improper tactics designed to mislead consumers and undermine the value of Autodesk and DWG brand and technology," and "unfairly competing with Autodesk."  SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.  SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

19.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

51459/2766299.6

5

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

20.     SolidWorks admits to employing the names DWGeditor, DWGgateway, DWGseries, DWGviewer, and DWGnavigator in certain of its CAD software products. SolidWorks denies that the inclusion of the term "DWG" in such product names is not necessary because SolidWorks uses  the term and the nouns combined therewith to accurately describe to customers and prospective customers what the products do, i.e. edit "DWG" files, navigate "DWG" files, etc.  SolidWorks denies that it is "improperly borrow[ing] or trad[ing] on the extensive consumer goodwill in Autodesk's DWG technology."  SolidWorks denies that other CAD software companies do not use the term "DWG" in product or brand names, and cites as examples for such denial such other CAD offerings as AnyDWG, AutoDWG, or DWGTool. Denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

21.     SolidWorks admits to operating websites that incorporated the designations DWGseries, DWGgateway, and DWGnavigator, including DWGSERIES.com, DWGGATEWAY.com, and DWGNAVIGATOR.com; admits that the images attached to the First Amended Complaint at Exhibit B appear to include copies of pages from SolidWorks' DWGSERIES.com, DWGGATEWAY.com and DWGNAVIGATOR.com websites; admits that page 1 of Exhibit B to the First Amended Complaint includes the language "DWGseries is a set of FREE software tools created for current and former AutoCAD® users to open, edit and share DWG data more effectively with others," "FREE productivity tools for AutoCAD® users," and "FREE  software download lets you open and edit any DWG file using any version of AutoCAD"; and denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

22.     SolidWorks admits that it is not a RealDWG participant; denies that SolidWorks' products are "replete with blatant suggestions of affiliation with AutoCAD," that SolidWorks "improperly suggests an association with Autodesk, AutoCAD software, and Autodesk's DWG technology," denies that SolidWorks seeks to mislead design professionals; denies "intentionally trading off" Autodesk's reputation; denies "misrepresenting the nature, characteristics, and

51459/2766299.6

6

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

qualities" of SolidWorks' products and services and their relationship to Autodesk" and Autodesk's software; denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph. SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

23.     SolidWorks admits that SolidWorks has sought federal trademark registrations for the designations DWGGATEWAY and DWGEDITOR; admits that Autodesk has opposed SolidWorks' DWGGATEWAY application and has sought to cancel the DWGEDITOR registration; admits to opposing Autodesk's applications to register the designations REALDWG and DWGX; admits that these proceedings are before the Trademark Trial and Appeal Board, and have been consolidated and are pending; and denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph. SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

24.     SolidWorks admits that the DWGGATEWAY.com website features the language "DWGgateway is the first free data translation plug-in that lets AutoCAD users work easily with DWG files created by any version of AutoCAD software; admits that the DWGNAVIGATOR.com website features the language "Save DWG files to any version of AutoCAD software"; admits that SolidWorks is not a RealDWG licensee; denies knowledge or information sufficient to constitute a belief as to the truth of the allegation that users may mistakenly associate negative experiences with the AutoCAD software itself; and denies the remaining allegations in this paragraph.

25.     SolidWorks admits that product names do not impact technical interoperability; and denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph. SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

26.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

27.     SolidWorks admits that the DWGnavigator.com website states that "DWGnavigator [is] a AutoCAD file manager" and that "DWGgateway is a free AutoCAD® download for AutoCAD users who do not want to upgrade to the latest version of AutoCAD"; and denies the remaining matters alleged in this paragraph.  SolidWorks further responds that this paragraph states a legal conclusion to which no responsive pleading is required.

28.     SolidWorks admits that material on SolidWorks' website does include uses of the AutoCAD trademark; and denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph. SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

29.     SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

30.     SolidWorks denies that the terms "AutoCAD" and "DWG" dominate SolidWorks' websites; avers that the SolidWorks name appears at least 5 times on the DWGnavigator.com website, not 2, as alleged in the First Amended Complaint; avers that the DWGnavigator designation appears at least 7 times on the DWGnavigator.com website, not 6, as alleged in the First Amended Complaint; admits that the term AutoCAD appears at least 26 times, and the term DWG appears 15 times, on the DWGnavigator.com website; admits that the term AutoCAD appears at least 21 times on the DWGgateway.com website; avers that Autodesk's citation to keyword lists and keyword clouds are misleading because webtools used to generate such lists do not necessarily give the same results, do not necessarily capture words that are not added to the webpage as part of the html text coding, but are nonetheless noticeable to a person viewing content on the page, such as graphical elements incorporating words like the DWGnavigator and SolidWorks logos, and may include fair uses of the terms, including disclaimers attributing the AutoCAD mark to Autodesk; and denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

31.     SolidWorks admits that the terms AutoCAD and "DWG" are embedded in the metadata of certain of SolidWorks' websites; and denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

32.     SolidWorks denies "over-emphasizing AutoCAD and DWG on its websites" and the metadata of its websites; avers that SolidWorks engages and has engaged in search engine optimization—a widespread practice—of certain of its websites; avers that when an Internet user types "AutoCAD" into Google's or Yahoo's search engine, Autodesk's website is the first listing in the organic search results (i.e. non-sponsored links); and denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.

33.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

34.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

35.     SolidWorks denies that the orange frame displayed on the packaging of Autodesk's Inventor product is "distinctive" and "serves to identify the source of Autodesk's products;" avers that Autodesk uses different colors on its product packaging, including different color frames (e.g. red, white, purple), and in many cases does not include a frame at all:

  

28

9

1

2

3

4

5

6

7

   

8

9

10

11

12

  

13

14  SolidWorks avers that Autodesk has not consistently used an orange frame, or any frame at all, in

15  advertisements either:

16

17

18

19

 

20

21

22

23

24

25

26

27

28

10

DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT






SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph.  SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

36.     SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

37.     SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.  SolidWorks avers that Autodesk's allegations regarding its video marketing campaign are misleading and disingenuous because in its First Amended Complaint, Autodesk only identified a single screen shot from that purported video campaign depicting an orange rectangle around the word "real" and the phrase "before it's real."

51459/2766299.6

11

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

In fact, the video campaign referenced includes rectangles and squares of different sizes and dimensions, in several different colors, and framing many different words:









51459/2766299.6

12

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

1    38.    SolidWorks admits that SolidWorks employs a branding campaign involving the

2    English word "real" within an orange-colored square that is either solid or a frame; admits that this

3    branding campaign is employed on SolidWorks' website and in print ads and other marketing

4    materials; and denies the remaining allegations in this paragraph.

5                        **FIRST CLAIM FOR RELIEF**

6    **(UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN—FEDERAL LAW)**

7    39.    SolidWorks incorporates by reference all the above responses to the allegations of

8    the First Amended Complaint as if fully set forth herein.

9    40.    SolidWorks denies the allegations in this paragraph and responds that this

10   paragraph states a legal conclusion to which no responsive pleading is required.

11   41.    SolidWorks admits that SolidWorks is not a RealDWG program participant and has

12   not licensed any "DWG technology" from Autodesk; and denies the remaining allegations in this

13   paragraph.

14   42.    SolidWorks denies the allegations in this paragraph.

15   43.    SolidWorks denies the allegations in this paragraph and responds that this

16   paragraph states a legal conclusion to which no responsive pleading is required.

17   44.    SolidWorks denies the allegations in this paragraph and responds that this

18   paragraph states a legal conclusion to which no responsive pleading is required.

19   45.    SolidWorks denies the allegations in this paragraph and responds that this

20   paragraph states a legal conclusion to which no responsive pleading is required.

21   46.    SolidWorks denies the allegations in this paragraph and responds that this

22   paragraph states a legal conclusion to which no responsive pleading is required.

23                       **SECOND CLAIM FOR RELIEF**

24        **(UNFAIR COMPETITION AND FALSE ADVERTISING—FEDERAL LAW)**

25   47.    SolidWorks incorporates by reference all the above responses to the allegations of

26   the First Amended Complaint as if fully set forth herein.

27   48.    SolidWorks denies the allegations in this paragraph.

28

51459/2766299.6

13                                CASE NO. 3:08-CV-04397-WHA

DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

49.     SolidWorks denies the allegations in this paragraph.

50.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

51.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

52.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

**THIRD CLAIM FOR RELIEF**

**(TRADEMARK INFRINGEMENT—FEDERAL LAW)**

53.     SolidWorks incorporates by reference all the above responses to the allegations of the First Amended Complaint as if fully set forth herein.

54.     SolidWorks admits that AutoCAD is the owner of a United States trademark registration for the AUTOCAD® mark for "computer programs and instructional manuals used therewith sold as a unit, and floppy disk storage containers"; and denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph. SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

55.     SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph. SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

56.     SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matter alleged in this paragraph.

57.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

58.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

51459/2766299.6

14

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO AUTODESK INC.'S FIRST AMENDED COMPLAINT

59.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

60.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

**FOURTH CLAIM FOR RELIEF**

**(FALSE DESIGNATION OF ORIGIN—FEDERAL LAW)**

61.     SolidWorks incorporates by reference all the above responses to the allegations of the First Amended Complaint as if fully set forth herein.

62.     SolidWorks denies that Autodesk has established protectable rights in any orange frame design; denies knowledge or information sufficient to constitute a belief as to the truth of the remaining matters alleged in this paragraph. SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

63.     SolidWorks denies knowledge or information sufficient to constitute a belief as to the truth of the matters alleged in this paragraph.  SolidWorks further responds that this paragraph states legal conclusions to which no responsive pleading is required.

64.     SolidWorks denies the allegations in this paragraph.

65.     SolidWorks denies the allegations in this paragraph.

66.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

67.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

68.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

**FIFTH CLAIM FOR RELIEF**

**(CANCELLATION—FEDERAL LAW)**

69.     SolidWorks incorporates by reference all the above responses to the allegations of the First Amended Complaint as if fully set forth herein.

51459/2766299.6

15

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

70.    SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

71.    SolidWorks admits that SolidWorks has registered the trademark DWGEDITOR (U.S. Registration No. 3134536) with the United States Patent and Trademark Office on the Supplemental Register; admits that the mark DWGEDITOR incorporates the character string DWG; and denies the remaining allegations in this paragraph.

72.    SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

### SIXTH CLAIM FOR RELIEF

### (UNFAIR BUSINESS PRACTICES—CALIFORNIA LAW)

73.    SolidWorks incorporates by reference all the above responses to the allegations of the First Amended Complaint as if fully set forth herein.

74.    SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

75.    SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

76.    SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

77.    SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

### SEVENTH CLAIM FOR RELIEF

### (DECEPTIVE BUSINESS PRACTICES—CALIFORNIA LAW)

78.    SolidWorks incorporates by reference all the above responses to the allegations of the First Amended Complaint as if fully set forth herein.

79.    SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

51459/2766299.6

16

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

80.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

81.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

82.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

## EIGHTH CLAIM FOR RELIEF

## (UNLAWFUL BUSINESS PRACTICES—CALIFORNIA LAW)

83.     SolidWorks incorporates by reference all the above responses to the allegations of the First Amended Complaint as if fully set forth herein.

84.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

85.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

86.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

87.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

## NINTH CLAIM FOR RELIEF

## (DECEPTIVE, FALSE, AND MISLEADING ADVERTISING—CALIFORNIA LAW)

88.     SolidWorks incorporates by reference all the above responses to the allegations of the First Amended Complaint as if fully set forth herein.

89.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

90.     SolidWorks denies the allegations in this paragraph and responds that this paragraph states a legal conclusion to which no responsive pleading is required.

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

1    91.    SolidWorks denies the allegations in this paragraph and responds that this

2    paragraph states a legal conclusion to which no responsive pleading is required.

3    92.    SolidWorks denies the allegations in this paragraph and responds that this

4    paragraph states a legal conclusion to which no responsive pleading is required.

5    **DEFENDANT AND COUNTERCLAIMANT'S AFFIRMATIVE DEFENSES**

6    **FIRST AFFIRMATIVE DEFENSE**

7    **(FAILURE TO STATE A CLAIM)**

8    93.    The First Amended Complaint fails to state a claim upon which relief can be

9    granted.

10    **SECOND AFFIRMATIVE DEFENSE**

11    **(NOMINATIVE FAIR USE/U.S. CONSTITUTION, FIRST AMENDMENT)**

12    94.    The First Amended Complaint, and each purported claim for relief alleged therein,

13    is barred by the First Amendment to the United States Constitution and the doctrine of nominative

14    fair use because SolidWorks' use of the alleged marks claimed by Autodesk is true and not false

15    or materially misleading.

16    **THIRD AFFIRMATIVE DEFENSE**

17    **(FAIR USE)**

18    95.    Accepting for purposes of this defense Autodesk's allegations that the designations

19    AUTOCAD and "DWG" are protected marks, SolidWorks' use of those designations constitute

20    fair, comparative use.

21    **FOURTH AFFIRMATIVE DEFENSE**

22    **(LACHES AND ESTOPPEL)**

23    96.    Autodesk's claims are barred in whole or in part by application of the doctrines of

24    laches and estoppel.

25

26

27

28

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (UNCLEAN HANDS)

3    97.    Autodesk's claims are barred in whole or in part by application of the doctrine of

4  unclean hands.

5

## SIXTH AFFIRMATIVE DEFENSE

6

### (WAIVER)

7    98.    Autodesk's claims are barred in whole or in part by application of the doctrine of

8  waiver.

9

## SEVENTH AFFIRMATIVE DEFENSE

10

### (ACQUIESCENCE)

11    100.    Autodesk's claims are barred by the doctrine of acquiescence.

12

## EIGHTH AFFIRMATIVE DEFENSE

13

### (NO IRREPARABLE HARM)

14    101.    Autodesk's claims for injunctive relief are barred as a matter of law because

15  Autodesk has not suffered any irreparable harm as a result if the acts alleged in the First Amended

16  Complaint.

17

## NINTH AFFIRMATIVE DEFENSE

18

### (FAILURE TO MITIGATE)

19    102.    Autodesk's claims are barred, in whole or in part, by Autodesk's failure to mitigate

20  its alleged damages.

21

## TENTH AFFIRMATIVE DEFENSE

22

### (ADEQUATE REMEDY AT LAW)

23    103.    Autodesk's claims for injunctive relief are barred as a matter of law because

24  Autodesk has an adequate remedy at law for any damages resulting from the actions alleged in the

25  First Amended Complaint.

26

27

28

19

**ELEVENTH AFFIRMATIVE DEFENSE**

**(CONTRIBUTORY AND/OR COMPARATIVE NEGLIGENCE)**

104.     Autodesk failed to exercise reasonable care in protecting its own alleged interests in the trademarks referenced in the First Amended Complaint and the loss or damage allegedly sustained by Autodesk was proximately caused or contributed to by Autodesk's own contributory and/or comparative negligence.

**TWELFTH AFFIRMATIVE DEFENSE**

**(ABUSE OF PROCESS)**

105.     Autodesk's claims are without merit and are an attempt to harass SolidWorks and stifle free competition such that Autodesk's claims constitute an abuse of process.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(NOT THE SENIOR USER)**

106.     Autodesk's claims are barred because Autodesk is the not the senior user of the alleged marks and therefore has no senior rights to them.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(GENERIC MARK)**

107.     Autodesk's claims are without merit because Autodesk's alleged marks and trade dress are generic and therefore unprotectable.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(LACKS SECONDARY MEANING)**

108.     Accepting for purposes of this defense that Autodesk's alleged marks or trade dress are not generic, they are descriptive, and thereby protectable only upon proof of secondary meaning, which is lacking.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(STATEMENTS OF OPINION OR PUFFERY)**

109.     Autodesk's claims are barred to the extent that SolidWorks' alleged statements consist of non-actionable statements of opinion or puffery.

51459/2766299.6

20

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

## (NO CAUSATION)

110.    Autodesk's claims are barred because Autodesk's damages, if any, were not caused by SolidWorks.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (NO STANDING)

111.    Autodesk's claims of violation of California Business & Professions Code §§ 17200 and 17500 are barred because Autodesk lacks standing to sue.

## NINETEENTH AFFIRMATIVE DEFENSE
## (NO ANTITRUST INJURY)

112.    Autodesk's claim of unfair business practices in violation of California Business & Professions Code § 17200 is barred because Autodesk does not allege that SolidWorks has market power to commit "an incipient violation of the antitrust law."

## TWENTIETH AFFIRMATIVE DEFENSE
## (NO WILLFUL CONDUCT)

113.    Autodesk's claims for enhanced damages and an award of fees and costs against SolidWorks have no basis in fact or law and should be denied.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant SolidWorks, for its counterclaim against Autodesk, alleges as follows.

## I. PARTIES

1.    Counterclaimant SolidWorks  is a corporation organized and existing under the laws of the state of Delaware with offices at 300 Baker Avenue, Concord, Massachusetts 01742. Since 1995, SolidWorks has published a variety of software products for Computer-Aided Design ("CAD") applications, including its flagship SolidWorks® three-dimensional design software.

2.     Counter-defendant Autodesk alleges that it is a corporation organized and existing under the laws of Delaware with its corporate headquarters at 111 McInnis Parkway, San Rafael, California 94903.

## II. JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121; 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 28 U.S.C. § 1367.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) because Autodesk is based in this district and transacts business in this district.

## III. PRELIMINARY STATEMENT AND GENERAL ALLEGATIONS

5.     The market for CAD software is in a state of transition. For over a quarter of a century, architects, structural engineers, machinists, and product designers have employed software to create and maintain two-dimensional drawings for everything from simple parts to complex mechanical assemblies. Since 1982, Autodesk has published AutoCAD, a CAD program employed by the overwhelming majority of CAD users. The widespread use of this program has ensured that, in the overall market for CAD software, Autodesk is by far the dominant player, and in fact a monopolist. Countless valuable two-dimensional CAD drawings exist, many saved in the .dwg format first developed in the late 1970s. The "DWG" format is used as a native file format by numerous CAD programs, including IntelliCAD, Caddie, and AutoCAD. No one has historically claimed ownership of any name or designation of the "DWG" file format or any related convention.

6.     As computing power has improved, and the skill of programmers increased, CAD software publishers and customers have begun to embrace three-dimensional CAD programs. Although three-dimensional CAD software at present represents a smaller proportion of the overall CAD market than two-dimensional offerings, it is a growing segment, and several CAD software producers (including Autodesk with its own 3D CAD offering, Inventor) are competing in this segment, as well as competing with two-dimensional CAD offerings, such as the dominant AutoCAD product from Autodesk, since three-dimensional CAD software producers seek to

convert existing two-dimensional CAD users to the benefits of designing in 3D.  SolidWorks'
flagship product, SolidWorks, is one of the 3D CAD software products on the market, was one of
the first mid-range 3D CAD software programs on the market, and it has consistently won
industry praise as an intuitive, high-performing set of tools for design.  SolidWorks' software
enables designers to better design and assemble complex machines electronically—even allowing
users to virtually prototype or "test" their creations—before any parts need actually be created
physically.  This enables designers to rapidly develop and bring to market new products at a much
lower cost.

7.       However, a key hurdle for designers contemplating making the move to a three-
dimensional CAD product is their legacy of two-dimensional drawings.  The vast majority of
potential three-dimensional CAD customers have, over the years, amassed individual libraries of
two-dimensional drawings, often saved in the .dwg format, created using the dominant AutoCAD
software from Autodesk or other products that also use the .dwg format.  These libraries are
extremely valuable, and if designers cannot reliably port their two-dimensional drawings into a
three-dimensional CAD software environment, they are much less likely to be able to make the
transition to three-dimensional CAD software.

**SolidWorks Sells Interoperable Software**

8.       SolidWorks, along with other CAD software companies, has developed software
applications to help designers manage, manipulate, translate, and share their legacy .dwg and
AutoCAD-produced files.  These offerings make it easier for those designers to both break the
stranglehold imposed by Autodesk via its control of the .dwg file format it uses in its dominant
AutoCAD product, as well as helping ease the switch for these designers from two-dimensional to
three-dimensional CAD, without losing the ability to make use of their valuable legacy libraries,
obviously of vital interest to companies that compete with Autodesk, like SolidWorks.  In fact, in
its 1997 Complaint against Autodesk, the Federal Trade Commission said "Among CAD engines
in the marketplace for use on Windows-based personal computers, Autodesk's AutoCAD product
is viewed by many in the industry as the de facto standard for Windows-based CAD systems.

23

There are other CAD engines available in the market for use on personal computers, with varying degrees of file compatibility and transferability with AutoCAD**, which is necessary to be an effective competitor in this market**" (emphasis added).  Additionally, upon information and belief, Autodesk makes periodic changes to its implementation of the .dwg file format in its dominant AutoCAD product, which create incompatibilities with drawings created in earlier versions of AutoCAD, necessitating upgrades for its customers who may be using a down-level version and who want to have their AutoCAD .dwg files read by others, including customers, suppliers or partners, who are using later versions of AutoCAD.  This has the practical effect of locking these customers in to upgrades to Autodesk's own offerings in order to achieve interoperability, and is one of the key reasons that SolidWorks launched the DWGgateway product referenced below.  Offerings such as these open up a broader range of CAD offerings to these customers, including SolidWorks' 3D offering, helping to alleviate customer concerns that they have little choice but to blindly upgrade to the latest version of Autodesk's AutoCAD in order to ensure full backwards and forwards compatibility with the dominant .dwg format used in AutoCAD.

9.       Specifically, SolidWorks has developed a group of products, known as the DWGseries of products: DWGgateway (a plug-in tool for opening and saving .dwg files in AutoCAD), DWGviewer (a program enabling the user to view and share through email .dwg files), DWGnavigator (a file management application developed for .dwg file libraries), and DWGeditor® (a simple CAD program for editing and maintaining legacy .dwg files).  These programs are interoperable with .dwg files created in AutoCAD.  DWGgateway operates as a third-party add-in with AutoCAD.  With the exception of DWGeditor, all of the DWGseries products are available online for free downloading; DWGeditor is included with the purchase of SolidWorks software.

10.      SolidWorks' development of its 2D products, DWGgateway, DWGeditor, DWGviewer, and DWGnavigator, which are interoperable with or otherwise work with Autodesk's AutoCAD and other 2D CAD software programs, gives CAD customers the

51459/2766299.6

28

24

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

1    opportunity to continue using their legacy libraries of .dwg drawing files without having to use

2    software made by Autodesk.  In short, SolidWorks' programs give customers within the 2D CAD

3    market a real opportunity to escape from the constraints and inherent (and imposed) limitations of

4    Autodesk's products.

5        **DWG Is In The Public Domain**

6        11.     Knowing and admitting that SolidWorks is legally entitled to create and develop

7    products that are interoperable with .dwg files created in Autodesk's AutoCAD, Autodesk has

8    engaged in conduct directed at preventing SolidWorks from marketing its DWGseries products

9    and stifling competition.  Autodesk does so by attempting to claim "ownership" of the character

10   string "DWG,"  thereby preventing competitors from conveying to potential customers the fact

11   that these legacy libraries are not shackled to Autodesk products.  "DWG," however, is a long-

12   standing abbreviation for "drawing" and is a generic term for a type of file format used in the

13   CAD software industry.  Standing alone, "DWG" is not "owned" by anyone.

14       12.     Autodesk's efforts to claim "ownership" of "DWG," are inconsistent with its past

15   conduct.  For over twenty years, Autodesk made no attempt to register "DWG" as a trademark or

16   even to use the letters "DWG" as a unique Autodesk source identifier.  By way of example only,

17   in 1996, Autodesk filed applications to register as trademarks "DWG Unplugged" and "Max

18   DWG," *but specifically disclaimed the exclusive right to use "DWG" in connection with both of*

19   *those applications*.  ***The applications were both ultimately abandoned by Autodesk***.  These were

20   the only filings from Autodesk on record with the United States Patent & Trademark Office

21   relating to the character string "DWG" at the time that SolidWorks launched its first software

22   product using the character string in its name.

23       13.     Autodesk was aware of SolidWorks' DWG-named products at least as early as

24   April 2005, if not before.  Autodesk, however, did not complain about SolidWorks' use of the

25   character string "DWG," or claim that Autodesk owned it.  In reliance on the fact that no one in

26   the CAD market, including Autodesk, claimed ownership of the .dwg file format or any mark

27

28

1  consisting only of the letters "DWG," SolidWorks developed marks and brands that utilized the

2  letters "DWG."

3         14.    Autodesk's website has long listed the terms that Autodesk claims are its

4  trademarks and guidelines for using them.  It was not until July 2005—after SolidWorks launched

5  its DWGseries products—that Autodesk began providing purported "guidelines" for use of the

6  term "DWG" on its website.  And, it was not until October 2006 that Autodesk began listing the

7  term "DWG," standing alone, on its website as one of its alleged trademarks.

8         15.    After SolidWorks began launching its DWGseries products, Autodesk initiated its

9  "RealDWG" licensing program, claiming—and continuing to claim—that third parties can license

10 its "DWG" technology and file format, and that .dwg files created in programs other than those

11 licensed by Autodesk have data incompatibilities.  Autodesk, however, does not allow certain of

12 its competitors to join its RealDWG licensing program, having denied SolidWorks' request for

13 admission into the program.  Competitors like SolidWorks accordingly have no choice but to

14 market reverse-engineered versions of Autodesk's .dwg files.

15        **The Patent and Trademark Office Has Rejected Autodesk's Attempts to Own DWG.**

16        16.    In April 2006, over one and a half years after SolidWorks launched its DWGseries

17 products, Autodesk filed an application to register as a trademark the term "DWG."  Despite

18 Autodesk's claims that it has been using "DWG" since 1982, the "first use in commerce date" that

19 Autodesk provided to the United States Patent & Trademark Office ("PTO") was "at least as early

20 as" November 28, 2005.  By that time, SolidWorks had filed an application to register as a

21 trademark "DWGeditor," claiming a first use in commerce of August 26, 2004, and the Open

22 Design Alliance had registered trademarks in the term "OpenDWG."  The PTO rejected

23 Autodesk's application because "DWG is type [sic] of format used in CAD design software. . . .

24 As such, applicant cannot have exclusive rights to it."  The PTO also stated that the fact that

25 Autodesk had been using the term DWG since the 1980s was irrelevant because its first use of the

26 term as a trademark was not until 2005.

27

28

17.     The PTO reached similar conclusions with respect to Autodesk's attempts to register DWG EXTREME, DWG TRUECONVERT, and DWG TRUEVIEW, all of which were filed after SolidWorks launched its DWGseries products.  The PTO issued office actions requiring Autodesk to disclaim "DWG" from those marks.

18.     The PTO's most recent action in each of Autodesk's efforts to register "DWG" and DWG-related marks was to issue a suspension letter, stating:

> *"1. DWG is a file format.*
>
> *2. [Autodesk] is not the exclusive source of files with the format name DWG.*
>
> *3. [Autodesk] does not control the use of DWG by others, either as a trademark or as a file format name.*
>
> *4. The submitted survey does not reflect recognition of DWG as a trademark, since no distinction was made between use as a trademark and use as a file format."*

19.     Autodesk's allegations of ownership of "DWG" are inconsistent with its prior conduct and the PTO's findings.  Its claims that it owns the "DWG" character string are contradicted by its own failure to list "DWG" as one of its trademarks on its website until 2006 -- after both SolidWorks and the Open Design Alliance used "DWG" as components of their trademarks, and failure to object to SolidWorks' use of "DWG" in its product names when they were launched.  Autodesk's allegations are also inconsistent with the PTO's findings that Autodesk's use of the term "DWG" since the 1980s is irrelevant because the first trademark use was not until 2005, and that "DWG" is a file format and Autodesk does not control the use of DWG by others as either a trademark or file format name.  Autodesk's claims in this lawsuit are simply an extension of its failed efforts to reclaim "DWG" from the public domain after having ignored it for over twenty years.

### Autodesk Seeks to Stifle Competition

20.     Upon information and belief, Autodesk is attempting to drive SolidWorks from the market, and to maintain and enhance its market power.  As noted above, SolidWorks' DWGseries software products allow consumers to work with their legacy .dwg libraries without having to use

51459/2766299.6      28

27

CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

or be locked in to upgrades to Autodesk's dominant AutoCAD software.  Through its conduct alleged herein, Autodesk seeks to reclaim the character string "DWG" from the public domain, which will allow it to prevent SolidWorks and other competitors from conveying to the CAD market that their software products are compatible or interoperable with .dwg files.  This will significantly stifle competition in the marketplace because the overwhelming majority of files are in the .dwg file format.  If Autodesk can prevent CAD users from opening and using their legacy libraries of .dwg drawing files with software made by Autodesk's competitors, it can retain its pool of customers and enhance its market power, to the exclusion of all competitors.  If Autodesk can prevent competitors from conveying to customers that they can use their legacy .dwg files in programs other than Autodesk's—such as, by example, having products that use the letters "DWG" in the product names—Autodesk can further extend its monopoly power, and crush if not eliminate competition, including by reserving to itself programs that translate its dominant AutoCAD 2D .dwg files into 3D, with which no competitor can compete, or which allow forwards or backwards compatibility with its .dwg files.  Eliminating the ability for CAD software publishers to convey such compatibility, including in product names, will both stifle competition and greatly reduce meaningful consumer choice of CAD offerings, whether 2D or 3D.

### Autodesk Unlawfully Disparages SolidWorks With False Claims.

21.     Further seeking to protect and enhance its position in the CAD market, and in the last year, Autodesk has engaged in a marketing program to disparage SolidWorks' 3D software.  Specifically, Autodesk distributes advertisements in interstate commerce and in California to potential SolidWorks customers tarnishing SolidWorks' name and products by falsely stating that SolidWorks' products are unreliable, do not work, and have discrete failures in their ability to dimension CAD drawings, and to translate data in the .dwg format.

22.     For example, Autodesk has promulgated the "Jonnie Real" campaign.  The Jonnie Real campaign features drawn images of engineers using SolidWorks—referred to as "Won'tWorks" software—and encountering serious problems with drawing dimensioning and .dwg data translation.  These advertisements  are accompanied by text from Autodesk highlighting

28

1 the supposed problems with SolidWorks' products, and recommending that they are too risky to
2 be used.

3      23.      The first Jonnie Real advertisement, the "Roller Coaster" advertisement, was
4 distributed in interstate commerce and California, and features engineers about to test a roller
5 coaster built with SolidWorks (referred to as "Won'tWorks") software. Both the name
6 "Won'tWorks" and the roller coaster are a reference to SolidWorks, as SolidWorks has run its
7 own ads featuring a roller coaster made out of popsicle sticks. The advertisement states that there
8 are dimensioning problems with "Won'tWorks" that will cause products designed by SolidWorks
9 products to actually fail and cause damages or injuries (including physical injuries), and that using
10 "Won'tWorks" is risky and potentially dangerous. The statements and suggestions in this ad are
11 false and misleading, and, on information and belief, known by Autodesk to be so.

12      24.      The second Jonnie Real advertisement, "Bicycle," which has also run in the last
13 year in interstate commerce and California, is similar. This ad again plays off SolidWorks ads, in
14 which SolidWorks advertises that some of its customers design bicycles using SolidWorks
15 software. Autodesk's advertisement features engineers, this time using SolidWorks software
16 (again referred to as "Won'tWorks") to translate .dwg data to construct a prototype bicycle. The
17 advertisement falsely indicates that products designed by SolidWorks products will either fail or
18 be improperly manufactured and states falsely that SolidWorks' products are not interoperable
19 with .dwg data. The statements and suggestions in this ad are false and misleading, and, on
20 information and belief, known by Autodesk to be so.

21      25.      Upon information and belief, these advertisements have had and are having a
22 damaging effect on SolidWorks' business and standing in the marketplace.

23      26.      Autodesk's advertisements and public representations about SolidWorks and its
24 products are false, and on information and belief, known by Autodesk to be false, and were made
25 intentionally, willfully and fraudulently with the intention of causing injury and embarrassment to
26 SolidWorks.

27
28

1

### III.  CAUSES OF ACTION

2

### FIRST CAUSE OF ACTION

3

### (FALSE ADVERTISING—FEDERAL LAW)

4     27.     SolidWorks incorporates by reference paragraphs 1 through 26 above as though

5  fully set forth herein.

6     28.     By deploying an advertising campaign that includes repeated statements and

7  innuendo to the effect that SolidWorks' software will produce inoperable or poorly operating

8  products, or will produce inoperable or poorly operating products that cause damages or injury,

9  and has serious errors in the core functions of dimensioning and translating data saved in the .dwg

10 format, Autodesk is falsely representing the nature, quality and characteristics of SolidWorks'

11 software as being unreliable, risky, and dangerous to use.

12    29.     Autodesk's conduct is intended to and is likely to continue to cause confusion or

13 mistake, or deception as to the nature, quality and characteristics of SolidWorks' software

14 products.

15    30.     The acts of Autodesk described above constitute unfair competition and false

16 advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15. U.S.C. § 1125(a)(1)(B).

17    31.     Autodesk's actions are likely to injure SolidWorks' business reputation, and this

18 harm will likely not be calculable.  Autodesk's conduct threatens irreparable injury to SolidWorks'

19 business and reputation.

20    32.     Autodesk's conduct is continuing and will continue unless restrained by the Court.

21 SolidWorks cannot adequately be compensated by damages, and thus has no adequate remedy at

22 law.  In addition, SolidWorks has been damaged in an amount to be determined by the Court.

23    33.     Autodesk's advertisements and public representations about SolidWorks and its

24 products were, on information and belief, known by Autodesk to be false when made, and were

25 made intentionally, willfully and fraudulently with the intention of causing injury and

26 embarrassment to SolidWorks.  Pursuant to 15 U.S.C. sections 1114 *et seq.*, SolidWorks seeks lost

27

28

30                                    CASE NO. 3:08-CV-04397-WHA
DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

1  profits, Autodesk's ill-gotten gain or profits, and treble damages and attorneys fees and costs

2  according to proof.

3                    **SECOND CAUSE OF ACTION**

4                    **(DECLARATORY JUDGMENT)**

5       34.     SolidWorks incorporates by reference paragraphs 1 through 33 above as though

6  fully set forth herein.

7       35.     There is a present controversy regarding Autodesk's claims of exclusive ownership

8  of the character string "DWG" and entitlement to treat "DWG" as a protectable trademark.

9  Autodesk filed an application with the United States Patent & Trademark Office to register as a

10 trademark the three-letter string "DWG."  SolidWorks disputes that Autodesk has exclusive

11 ownership of "DWG" and that it is entitled to treat it as a protectable trademark, and SolidWorks

12 claims that no one has the exclusive right to the character string "DWG."

13      36.     Autodesk has no ownership interest in the character string "DWG."  "DWG"

14 standing alone is not protectable.  It is a generic term for a type of file format used in the CAD

15 software industry, which uses the long-standing abbreviation for "drawing."  It is therefore not

16 protectable.  Autodesk also is not the senior user of the character string "DWG" as a source

17 identifier.

18      37.     SolidWorks is entitled to a declaration that Autodesk has no ownership interest in

19 the character string "DWG," and no right to seek trademark registration or any protectable

20 trademark in the letters "DWG."  SolidWorks seeks a declaration that DWG is a file format, that

21 Autodesk is not the exclusive source of files with the format name "DWG," that Autodesk does

22 not control the use of "DWG" by others, either as a trademark or as a file format name, that

23 Autodesk cannot use the character string "DWG" as a brand, and that Autodesk cannot seek to

24 register the character string "DWG" as a trademark.

25

26

27

28

**THIRD CAUSE OF ACTION**

**(UNFAIR COMPETITION—CALIFORNIA LAW)**

38.     SolidWorks incorporates by reference paragraphs 1 through 37 above as though fully set forth herein.

39.     Autodesk's acts as described above are likely to mislead the general public and therefore constitute unlawful, unfair, and/or deceptive business practices violative of California Business & Professions Code §§ 17200, *et seq.*

40.     The unlawful, unfair, and/or deceptive business practices of Autodesk described above present a continuing threat to members of the public in that Autodesk intends to promote and advertise the sale of its products by making false and misleading representations regarding the nature, characteristics, or qualities of the parties' products.

41.     Autodesk has sufficient market power in the CAD software market that its conduct threatens "an incipient violation of the antitrust law."

42.     As a direct and proximate result of the above-described acts, Autodesk has created confusion in the marketplace, discouraging competition and misleading customers into purchasing Autodesk products over SolidWorks products out of a false understanding as to the relative quality and compatibility of the products, and Autodesk has received and will receive substantial sales and profits.

43.     As a result of Autodesk's unlawful, unfair, and/or deceptive business practices, SolidWorks has suffered injury in fact and lost money.  SolidWorks has invested substantial funds in its 3D SolidWorks software, which is ridiculed in Autodesk's advertisements, and therefore has standing to assert this claim.  Such harm will continue unless the Court enjoins Autodesk's acts. SolidWorks has no adequate remedy at law for Autodesk's continuing violation of SolidWorks' rights.  SolidWorks seeks disgorgement and restitution, as well as an injunction and other equitable relief preventing further harm to itself and the public and preventing Autodesk from continuing its unlawful, unfair, and/or deceptive business practices.

**FOURTH CAUSE OF ACTION**

**(FALSE ADVERTISING—CALIFORNIA LAW)**

44.     SolidWorks incorporates by reference paragraphs 1 through 43 above as though fully set forth herein.

45.     Autodesk's acts as described above constitute false and/or misleading advertising and are likely to mislead the general public and are therefore violative of California Business & Professions Code §§ 17500, *et seq*.

46.     Autodesk publicly disseminated advertisements containing disparaging statements about SolidWorks' products and comparing them to Autodesk's products, which are untrue and misleading, and which Autodesk knew, or in the exercise of reasonable care should have known, were untrue and misleading.

47.     As a direct and proximate result of the above-described acts, Autodesk has created confusion in the marketplace, discouraging competition and misleading customers into purchasing Autodesk products over SolidWorks products out of a false understanding as to the relative quality and compatibility of the products.

48.     As a result of Autodesk's unlawful business practices, SolidWorks has suffered injury in fact and lost money.  SolidWorks has invested substantial funds in its 3D SolidWorks software, which is ridiculed in Autodesk's advertisements, and therefore has standing to assert this claim.  SolidWorks has no adequate remedy at law for Autodesk's continuing violation of SolidWorks' rights.  SolidWorks seeks disgorgement and restitution, as well as an injunction and other equitable relief preventing further harm to itself and the public and preventing Autodesk from continuing its unlawful business practices.

**IV. PRAYER FOR RELIEF**

WHEREFORE, SolidWorks respectfully requests the following relief:

1.     A judgment in favor of SolidWorks denying Autodesk all relief requested in this action and dismissing Autodesk's First Amended Complaint with prejudice;

DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT

2.       Judgment in favor of SolidWorks and against Autodesk on all of Autodesk's claims asserted in its First Amended Complaint;

3.       That the Court grant SolidWorks an award of lost profits, Autodesk's ill-gotten gains or profits, disgorgement, restitution and/or damages in an amount to be proven at trial, and trebled in light of Autodesk's willful conduct;

4.       That the Court grant SolidWorks pre-judgment interest on all such damages;

5.       That the Court grant SolidWorks an award for reasonable attorneys' fees and costs of suit incurred herein;

6.       That the Court grant SolidWorks such equitable relief as is requested above; and,

7.       That the Court award SolidWorks such other and further relief as the Court deems just and proper.

## V. DEMAND FOR JURY TRIAL

Defendant and counterclaimant SolidWorks hereby demands a jury trial as to all such triable issues in this action.

DATED:  February 13, 2009                QUINN EMANUEL URQUHART OLIVER &
                                         HEDGES, LLP


By_____/s/_____
         Claude M. Stern
         Attorneys for Defendant Dassault Systèmes
         SolidWorks Corporation.

DASSAULT SYSTÈMES SOLIDWORKS CORPORATION'S ANSWER AND COUNTERCLAIMS TO
AUTODESK INC.'S FIRST AMENDED COMPLAINT