1   MICHAEL A. JACOBS (CA SBN 111664)
    MJacobs@mofo.com
2   J. THOMAS MCCARTHY (CA SBN 034728)
    TMcCarthy@mofo.com
3   DAVID E. MELAUGH (CA SBN 219477)
    DMelaugh@mofo.com
4   LYNN M. HUMPHREYS (CA SBN 168062)
    LHumphreys@mofo.com
5   JACQUELINE BOS (CA SBN 243938)
    JBos@mofo.com
6   MORRISON & FOERSTER LLP
    425 Market Street
7   San Francisco, California  94105-2482
    Telephone: 415.268.7000
8   Facsimile: 415.268.7522

9   Attorneys for Plaintiff
    AUTODESK, INC.
10
    CLAUDE M. STERN (CA SBN 96737)
11  ClaudeStern@quinnemanuel.com
    EVETTE PENNYPACKER (CA SBN 203515)
12  EvettePennypacker@quinnemanuel.com
    ANDREA PALLIOS ROBERTS (CA SBN 228128)
13  AndreaPRoberts@quinnemanuel.com
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
14  555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California  94065
15  Telephone:  (650) 801-5000
    Facsimile:  (650) 801-5100
16
    Attorneys for Defendant
17  DASSAULT SYSTÈMES SOLIDWORKS CORPORATION

18                  UNITED STATES DISTRICT COURT

19                 NORTHERN DISTRICT OF CALIFORNIA

20                    SAN FRANCISCO DIVISION

21

| | |
|---|---|
| 22   AUTODESK, INC., a Delaware corporation, | Case No. 3:08-cv-04397-WHA |
| 23           Plaintiff, | **AMENDED PROTECTIVE ORDER** |
| 24        v. | |
| 25   DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation, | Place:  Courtroom 9, 19th Floor |
| 26 | Judge:  Hon. William H. Alsup |
| 27           Defendant. | |

28

## AMENDED PROTECTIVE ORDER

To expedite the flow of discovery materials and allow documents that have been produced in this matter pursuant to an email agreement on confidentiality to be redesignated in accordance with the requirements of this order, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three categories: "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," and "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY," as set forth in Items A, B and C below.  All three identified categories of information shall be identified collectively in this Order by the title Protected Information. Any documents derived from or containing Protected Information must also be designated with the appropriate category of confidentiality, according to the terms of this Order.

**A.      Information Designated as Confidential Information**

1.      For purposes of this Order, "CONFIDENTIAL" information shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual

knowledge of persons, and which has been so designated by the producing party. Any "CONFIDENTIAL" information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.      Any document or tangible thing containing or including any "CONFIDENTIAL" information may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.      All "CONFIDENTIAL" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.      Except as otherwise provided herein, any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" information and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" prior to furnishing copies to the receiving party.

5.      The following are examples of information that is not "CONFIDENTIAL" information:

a.      Published advertising materials;

b.      Any information which is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

c.      Any information that the receiving party can show by written records was already known to it prior to the disclosure, provided that it was either 1) received from the producing party and was not received under an obligation of confidentiality to the producing party, or 2) received from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

d.      Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

e.      Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's "CONFIDENTIAL" information.

6.      Documents designated "CONFIDENTIAL" and information contained therein shall be available only to:

a.      A party's outside litigation counsel of record in this matter and supporting personnel employed in or by the law firm(s) of that party's outside litigation counsel of record in this matter, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.      Technical Advisers, as defined in paragraph 21 herein, and their necessary support personnel, subject to the provisions of paragraphs 21-25 herein, and who have signed the form attached hereto as Attachment A;

c.      Up to two (2) in-house counsel with responsibility for managing this litigation, not to include Autodesk's General Counsel, up to two (2) non-attorney employees in a party's legal department necessary to assist them in this litigation (i.e. clerical staff or paralegals), and one non-attorney employee of a party who either has responsibility for making decisions

dealing directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action who have signed the form attached hereto as Attachment A;

        d.     Subject to compliance with paragraph 45, individuals at or affiliated with The Travelers Companies, Inc. ("Travelers") with responsibility for managing this litigation in connection with Travelers' liability to satisfy all or part of a possible judgment in this action, including, but not limited to claims personnel, underwriters, auditors, reviewers, regulatory personnel, and outside reinsurers, who have signed the form attached hereto as Attachment A;

        e.     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

        f.     Any mediator appointed by the Court or by all parties in connection with this action;

        g.     Independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

        h.     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services including mock jurors who have signed the form attached hereto as Attachment A (mock jurors may be shown "CONFIDENTIAL" information, but may not be given a copy); and

        i.     Commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A.

        7.     Documents created by counsel or Technical Advisers to any party that contain information or data derived from "CONFIDENTIAL" information may be made available only to

persons listed in paragraph 6 unless the "CONFIDENTIAL" material has been redacted from those documents.

**B.    Information Designated Confidential Attorneys' Eyes Only**

8.    The "CONFIDENTIAL ATTORNEYS' EYES ONLY" designation is reserved for "CONFIDENTIAL" information that does not meet the criteria to be designated "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" specified in paragraph 12, but that is a trade secret or commercially sensitive competitive information; "CONFIDENTIAL" information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. In determining whether information should be designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY," each party agrees to use such designation only in good faith.

9.    Any document or tangible thing containing or including any "CONFIDENTIAL ATTORNEYS' EYES ONLY" information may be designated as such by the producing party by marking it "CONFIDENTIAL ATTORNEYS' EYES ONLY" prior to or at the time copies are furnished to the receiving party. All "CONFIDENTIAL ATTORNEYS' EYES ONLY" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth herein, shall be designated by the producing party by informing the receiving party of the designation in writing.

10.    Documents designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" and information contained therein shall be available only to:

a.    A party's outside litigation counsel of record in this matter and supporting personnel employed in the law firm(s) of that party's outside litigation counsel of record in this

matter, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.     Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 21-25 herein, and who have signed the form attached hereto as Attachment A;

c.     Up to two (2) in-house counsel with responsibility for managing this litigation, not to include Autodesk's General Counsel, and up to two (2) non-attorney employees in a party's legal department necessary to assist them in this litigation (i.e. clerical staff or paralegals), with the prior written consent of the producing party, who have signed the form attached hereto as Attachment A, and, in the case of Autodesk's in-house counsel and employees, who shall review the "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents at the offices of Autodesk's outside counsel or through Internet-based, encrypted and password-protected access to documents hosted by Autodesk's outside counsel on WebEx (or an alternative approved by SolidWorks' counsel) that allows (and is set to allow) viewing without copying, downloading, or printing of documents, and, in the case of SolidWorks' in-house counsel and employees, who shall review the "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents in a location agreed between the parties separate to SolidWorks' business premises or through Internet-based, encrypted and password-protected access to documents hosted by SolidWorks' outside counsel on WebEx (or an alternative approved by Autodesk's counsel) that allows (and is set to allow) viewing without copying, downloading, or printing of documents.  "CONFIDENTIAL ATTORNEYS' EYES ONLY" materials reviewed by in-house counsel and employees via Webex or other Internet-based access shall be reviewed in a private, secure location, such as an attorney's office, and the individual(s) reviewing said information must log out of the session when review is complete, or said individual(s) is not able to control access to such information,

such as when said individual(s) steps away from his/her/their desk. In-house counsel and legal employees that are entitled under this paragraph to review "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents shall not retain copies of "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents that they review, and shall not be permitted to communicate with individuals other than those listed in this paragraph 10 via telephone, e-mail, the Internet, or otherwise, while reviewing the other party's "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents.

        d.      Subject to compliance paragraph 45, individuals at or affiliated with Travelers with responsibility for managing this litigation in connection with Travelers' liability to satisfy all or part of a possible judgment in this action, including, but not limited to, claims personnel, underwriters, auditors, reviewers, regulatory personnel, and outside reinsurers, who have signed the form attached hereto as Attachment A (who shall be allowed access only to those "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents that specifically pertain to claims submitted to Travelers by SolidWorks);

        e.      The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

        f.      Any mediator appointed by the Court or by all parties in connection with this action;

        g.      Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

        h.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors who have signed the form attached hereto as Attachment A;

i.      Commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A; and

j.      Independent legal translators retained to translate in connection with this action.

11.    Documents created by counsel or Technical Advisers to any party that contain information or data derived from "CONFIDENTIAL ATTORNEYS' EYES ONLY" documents may be made available only to persons listed in paragraph 10 unless the "CONFIDENTIAL ATTORNEYS' EYES ONLY" material has been redacted from those documents.

**C.      Information Designated Confidential Outside Counsel's Eyes Only**

12.    The "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" designation is reserved for "CONFIDENTIAL" information that constitutes highly commercially sensitive trade secrets and competitive information which is likely to cause harm to the competitive position of the producing party; "CONFIDENTIAL" information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. Material dated prior to January 1, 2008 shall presumptively not be designated "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY," except that such material may be so designated if Michael Jacobs or Claude Stern personally approve such designation by Autodesk or SolidWorks, respectively. Material dated after January 1, 2008 may be designated "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" without prior approval of Messrs. Jacobs and Stern, but the parties agree to use such designation sparingly.  In determining whether information should be designated as "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY," each party agrees to use such designation only in good faith.

13.    Any document or tangible thing containing or including any "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" information may be designated as such by the producing party by marking it "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" prior to or at the time copies are furnished to the receiving party. All "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth herein, shall be designated by the producing party by informing the receiving party of the designation in writing.

14.    Documents designated "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" and information contained therein shall be available only to:

a.    A party's outside litigation counsel of record in this matter and supporting personnel employed in the law firm(s) of that party's outside litigation counsel of record in this matter, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.    Technical Advisers and their necessary support personnel, subject to the provisions of paragraphs 21-25  herein, and who have signed the form attached hereto as Attachment A;

c.    Any author, recipient, or producing party of such material;

d.    The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.    Any mediator appointed by the Court or by all parties in connection with this action;

f.    Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

AMENDED PROTECTIVE ORDER
Case No. 3:08-cv-04397-WHA
sf-2732264

9

g.      Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; non-technical jury or trial consulting services not including mock jurors who have signed the form attached hereto as Attachment A;

h.      Commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A; and

i.      Independent legal translators retained to translate in connection with this action.

15.     Documents created by counsel or Technical Advisers to any party that contain information or data derived from "CONFIDENTIAL OUTSIDE COUNSELS' EYES ONLY" documents may be made available only to persons listed in paragraph 14 unless the "CONFIDENTIAL OUTSIDE COUNSELS' EYES ONLY" material has been redacted from those documents.

16.     In the event a good faith need arises for someone with access to "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" information to have access to specific information designated as "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY," the party seeking access shall submit a written request for access to the designating party, and the designating party shall evaluate such request in good faith on a document by document basis.

17.     This Protective Order does not preclude SolidWorks from sharing its own "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" information produced in this litigation with Travelers and any such sharing shall not be deemed a waiver in whole or in part of a claim for confidential treatment under this section of such material.

**D.      Materials Produced During the TTAB Proceedings**

18.      "TTAB Proceedings" refers to the proceedings before the United States Patent and Trademark Office Trademark Trials and Appeals Board, *Autodesk, Inc. v. SolidWorks Corporation*, denoted Opposition No. 91170857, Application No. 78651780, Cancellation No. 92046253, and Registration No. 3134536.

19.      "Materials Produced During the TTAB Proceedings" refers to all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that were produced or generated in disclosures or responses to discovery in the TTAB Proceedings.

20.      The parties agree that the Materials Produced During the TTAB Proceedings by the parties pursuant to the "Protective Order Between Autodesk, Inc. and SolidWorks Corporation," attached hereto as Attachment B, shall be available for use in the above-captioned matter. Materials designated as "Confidential" during the TTAB Proceedings shall be treated as if they had been designated as "CONFIDENTIAL" pursuant to this Protective Order. Materials designated "Highly Confidential" during the TTAB Proceedings shall be treated as if they had been designated as "CONFIDENTIAL ATTORNEYS' EYES ONLY" pursuant to this Protective Order. Materials designated "Trade Secret/Commercially Sensitive" during the TTAB Proceedings shall be redesignated in accordance with the protocols specified in sections A, B, and C of  this Protective Order. In addition, items or information that are produced from sources other than the Materials Produced During the TTAB Proceedings shall be designated in accordance with the protocols specified in sections A, B, and C of this Protective Order, even if they are duplicative of Materials Produced During the TTAB Proceedings.

## DISCLOSURE OF TECHNICAL ADVISERS

21.    Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's Technical Advisers and their necessary support personnel. The term "Technical Adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and whom complies with paragraph 22.

22.    No disclosure of Protected Information to a Technical Adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A; and to the extent there has been an objection under paragraph 24, that objection is resolved as discussed below.

23.    A party desiring to disclose Protected Information to a Technical Adviser shall also give prior written notice to the producing party, who shall have seven (7) business days after such notice is given to object in writing. The party desiring to disclose Protected Information to a Technical Adviser must provide the following information for each Technical Adviser: name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

24.    A party objecting to disclosure of Protected Information to a Technical Adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection. The objecting party's consent to the disclosure of Protected Information to a Technical Adviser shall not be unreasonably withheld. Its objection must be based on that party's good faith belief that disclosure of its Protected Information to the

Technical Adviser substantially risks non-trivial competitive business or economic harm to that party (under any safeguards proposed if the Technical Adviser is allowed access), and the objection must describe with particularity the harm risked by the disclosure of the Protected Information. The objecting party shall have the burden of showing to the Court good cause for preventing disclosure of its Protected Information to the Technical Adviser.

25.     If after consideration of the objection, the party desiring to disclose the Protected Information to a Technical Adviser refuses to withdraw the Technical Adviser, that party shall provide notice to the objecting party. Thereafter, the objecting party shall move the Court, within seven (7) business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the seven (7) business day period shall operate as an approval of disclosure of the Protected Information to the Technical Adviser. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

26.     The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

27.     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that

the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

28.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

29.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

30.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

a.     A present or former director, officer, or employee of a producing party may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party and either (1) identifies on its face the director, officer, and/or employee as an author or recipient, (2) concerns a subject matter of which the director, officer and/or employee has knowledge or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

b.     A Technical Adviser of a producing party of this Order may be examined and may testify at deposition or trial concerning all Protected Information which has been

**AMENDED PROTECTIVE ORDER**
Case No. 3:08-cv-04397-WHA
sf-2732264

14

produced by that party and all other Protected Information to which he or she is allowed access

under the terms of this Protective Order.

c.     Non-parties may be examined or testify at deposition or trial concerning

any document containing Protected Information of a producing party which appears on its face or

from other documents or testimony to have been received from or communicated to the non-party

as a result of any contact or relationship with the producing party or a representative of the

producing party, but may not retain originals or copies of such Protected Information or any notes

or transcripts reflecting such Protected Information, other than for the limited period of time

necessary to review any deposition transcripts and make corrections. Any person other than the

witness, his or her attorney(s), or any person qualified to receive Protected Information under this

Order shall be excluded from the portion of the examination concerning such information, unless

the producing party consents to persons other than qualified recipients being present at the

examination. If the witness is represented by an attorney who is not qualified under this Order to

receive such information, then prior to the examination, the producing party shall request that the

attorney provide a signed statement, in the form of Attachment A hereto, that he or she will

comply with the terms of this Order and maintain the confidentiality of Protected Information

disclosed during the course of the examination. In the event that such attorney declines to sign

such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a

protective order from the Court prohibiting the attorney from disclosing Protected Information.

31.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings,

briefs, and other documents submitted to the Court which have been designated as Protected

Information or which contain information so designated, shall be filed under seal in a manner

prescribed by the Court for such filings.

32.     Outside attorneys of record for the parties in this matter are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record for the parties in this matter, or as otherwise provided for hereunder.

33.     Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

34.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" by the reporter. This request may be made orally during the deposition or in writing within twenty (20) days of receipt of the final certified transcript. Deposition transcripts shall be treated as "CONFIDENTIAL OUTSIDE COUNSEL'S EYES ONLY" until the expiration of the time to

make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

35.     Where Protected Information is used at trial, it is the burden of the designating party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Information remains confidential; however, where Protected Information is to be used at trial by a party other than the designating party, the designating party must be notified at least ten (10) days before trial, so that the designating party is able to make arrangements with the Court to ensure that its Protected Information remains confidential.

## NONPARTY USE OF THIS PROTECTIVE ORDER

36.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

37.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

38.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Protected Information, the receiving party must so notify the producing party, in writing immediately and in no event more than ten (10) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. In no event shall the receiving party produce any materials in response to any subpoena or court order until such notice has been provided.

39.     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must

deliver a copy of this Stipulated Protective Order promptly to the party in the other action that

caused the subpoena or order to issue.

      40.    The purpose of imposing these duties is to alert the interested parties to the

existence of this Protective Order and to afford the producing party in this case an opportunity to

try to protect its confidentiality interests in the court from which the subpoena or order issued.

The producing party shall bear the burdens and the expenses of seeking protection in that court of

its Protected Information – and nothing in these provisions should be construed as authorizing or

encouraging a receiving party in this action to disobey a lawful directive from another court.

## NO WAIVER OF PRIVILEGE

      41.    Nothing in this Protective Order shall require production of information that a

party contends is protected from disclosure by the attorney-client privilege, the work product

immunity or other privilege, doctrine, right, or immunity. If information subject to a claim of

attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity

is nevertheless inadvertently or unintentionally produced, such production shall in no way

prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, right

or immunity. If any party inadvertently or unintentionally produces materials protected under the

attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity,

any holder of that privilege, right, or immunity may obtain the return of those materials by

notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional

production and providing a privilege log for the inadvertently or unintentionally produced

materials. The recipient(s) shall gather and return all copies of the privileged or immune material

to the producing party, except for any pages containing privileged markings by the recipient,

which pages shall instead be destroyed and certified as such by the recipient to the producing

party. Notwithstanding this provision, no person is required to delete information that may reside

on the respective person's electronic back-up systems that are over-written in the normal course of business.

**MISCELLANEOUS PROVISIONS**

42.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record in this matter for the party against whom such waiver will be effective.

43.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The producing party shall notify the receiving parties promptly after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend. In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

44.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the receiving party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence,

memoranda, notes and other work product materials, which contain or refer to any category of

Protected Information. All Protected Information, not embodied in physical objects and

documents shall remain subject to this Order. Notwithstanding this provision, no person is

required to delete information that may reside on the respective person's electronic back-up

systems that are over-written in the normal course of business. Notwithstanding the foregoing,

outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and

trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery

requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial

transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their

attorney work product which refers or is related to any Protected Information for archival

purposes only. If a party destroys Protected Information, the destruction must be by means

satisfactory to the producing party, and the party must provide a Certificate of Destruction to the

producing party.

      45.    SolidWorks will ensure that (i) the Autodesk Protected Information that is

provided to Travelers is limited to that which SolidWorks' lawyers believe is necessary for

Travelers to assess the claims and limited to the extent possible; (ii) a log is maintained of

Autodesk Protected Information that is provided to Travelers, and this log is provided to

Autodesk at the conclusion of the litigation in lieu of Travelers destroying or returning the

Protected Information; and (iii) the Autodesk Protected Information that is provided to Travelers

is marked with a distinctive marking (e.g. "Travelers").  Individuals at or affiliated with Travelers

who sign Attachment A will ensure that Travelers implements adequate precautions to keep the

files containing Protected Information confidential.

      46.    The only exception to paragraph 44 is that Travelers may maintain Protected

Information following termination of the lawsuit for audit purposes if SolidWorks and Travelers

have complied with their respective obligations set forth in this Order, in particular, in paragraphs 6(d), 10(d), and 45.

47.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

48.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

49.     The United States District Court for the Northern District of California, San Francisco Division, is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Northern District of California, San Francisco Division.

50.     Document discovery concerning testifying experts shall be limited to the final versions of the testifying experts' expert reports, materials relied upon by the testifying expert in forming his or her opinion(s), and any invoices for work performed.  Testifying experts' draft reports, notes, and conversations or communications with counsel will not be subject to discovery unless such material is relied upon by a testifying expert in forming his or her final report, trial or

deposition testimony, or any opinion in this case.  The Parties agree that all materials, facts, consulting expert opinions, and other matters relied upon by the testifying expert in forming his or her final report shall be produced to the opposing party at the same time that that expert's report is served.

51.    Work done by experts acting in a consulting capacity, including material generated by such experts as well as conversations or communications with such experts, will not be subject to discovery unless such material is relied upon by a testifying expert in forming his or her final report, trial or deposition testimony, or any opinion.

52.    Materials, communications, and other information exempt from discovery under the Paragraphs 50-51 shall be treated as attorney-work product for the purposes of this litigation and shall not require identification on any privilege log.


AGREED:

Dated: September 8, 2009

MICHAEL A. JACOBS
J. THOMAS MCCARTHY
LYNN M. HUMPHREYS
JACQUELINE BOS
NATHAN B. SABRI
MORRISON & FOERSTER LLP


By:   /s/ Michael A. Jacobs
      MICHAEL A. JACOBS

      Attorneys for Plaintiff
      AUTODESK, INC.

Dated: September 8, 2009

CLAUDE M. STERN
EVETTE PENNYPACKER
ANDREA PALLIOS ROBERTS
ZACHARY M. FABISH
MAUREEN P. RYAN
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By:   /s/ Claude M. Stern
      CLAUDE M. STERN

      Attorneys for Defendant
      DASSAULT SYSTÈMES
      SOLIDWORKS CORPORATION

It is so ORDERED.

Dated: _____, 2009          By: _____
                                              Honorable William H. Alsup
                                         UNITED STATES DISTRICT COURT JUDGE