United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AUTODESK INC., a Delaware corporation,

    Plaintiff,

v.

DASSAULT SYSTEMS SOLIDWORKS CORPORATION, a Delaware corporation,

    Defendant.

No. C 08-04397 WHA

**ORDER OVERRULING DEFENDANT DASSAULT SYSTEMS SOLIDWORKS' EVIDENTIARY OBJECTIONS**

    This order addresses evidentiary objections filed by defendant Dassault Systems SOLIDWORKS Corporation on the eve of the hearing for cross motions for summary judgment in this case.

    Plaintiff Autodesk, Inc., filed a motion for partial summary judgment on October 29, 2009 (Dkt. No. 86). Defendant SOLIDWORKS filed a redacted version of its opposition to the motion on November 18, 2009 (Dkt. No. 146). Plaintiff filed its reply on November 19, 2009 (Dkt. No. 149). The hearing on the motion was scheduled for December 3, 2009, at 8:00 a.m. At 6:00 p.m. the night before the hearing, SOLIDWORKS filed forty evidentiary objections to plaintiff's motion, specifically as to evidence tendered on the opening submission 35 days earlier (Dkt. No. 185). At the hearing the next morning, plaintiff's counsel acknowledged that they had not had time to even read most of the evidentiary objections, let alone prepare a response, and objected to the late filing of the evidentiary objections as untimely and prejudicial.

It is true that a timetable for evidentiary objections to a motion for summary judgment is not *specifically* established in our local rules. There is a very obvious reason why, however. Civil Local Rule 7–3(a) states (emphasis added): "Any opposition to a motion must be served and filed *not less than 21 days before the hearing date*. . . . Pursuant to Civil L.R. 7–4(b), such briefs or memoranda *may not exceed 25 pages of text*." Rule 7–3(d) continues, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."

The meaning of "opposition" in Rule 7–3(a) certainly includes evidentiary objections made to the evidence on which the opening motion relies. The reason for this is to allow the reply to address the opposition to the motion. So there is no need for the local rules to specifically call out evidentiary objections because they are an *inherent* part of the opposition. (Similarly, any objections to the evidence relied upon by the opposition should be made in the reply.)

This holding is consistent with the decisions of other Northern District judges. For example, in *Acco Brands, Inc., v. PC Guardian Anti-Theft Products, Inc.*, 592 F. Supp. 2d 1208, 1227 (N.D. Cal. 2008), Judge Illston denied as untimely evidentiary objections in opposition to a motion for summary judgment filed the day before the hearing. And in *High Tech Medical Instrumentation, Inc., v. New Image Industries, Inc.*, No. C 93-4152 SBA (ARB), 1995 U.S. Dist. LEXIS 9215, *2 n.1, 15 (N.D. Cal. May 25, 1995), Judge Armstrong found that evidentiary objections against a motion for summary judgment filed two weeks after the opposition itself were untimely and, therefore, deemed waived.

To justify the late filing, defendant cites the RUTTER GROUP, CALIFORNIA PRACTICE GUIDE FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 14:110 (*see* Dkt. No. 187). This does not purport to apply our local rules, cites no authority whatever, and is non-binding in any event. Note well that even the Rutter Group Guide warns that the "better practice" is to "make your objection in writing beforehand (preferably with the opposition or reply papers)." Also cited is, of all things, a law firm website — not even a website of any counsel herein, but the website of Baker & McKenzie, a firm having no connection to this case. That website cites no authority and is wrong. Finally, *Federal Deposit Insurance Corp. v. New Hampshire Insurance Co.*, 953 F.2d 478, 484 (9th Cir. 1991) (quotation marks omitted) states only that "[d]efects in evidence

submitted in opposition to a motion for summary judgment are waived absent a motion to strike or other objection." This statement does not address timeliness, and further confirms that such objections are waived absent a motion to strike or other objection, which this order agrees with.

In sum, defendant's objections should have been filed pursuant to Local Rule 7–3, no later than 21 days before the hearing and stated within the 25 page limit in the opposition to plaintiff's opening motion. Because defendant did not comply with this rule, defendant's evidentiary objections are hereby **OVERRULED**.

**IT IS SO ORDERED.**

Dated: December 4, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE