MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
J. THOMAS MCCARTHY (CA SBN 034728)
TMcCarthy@mofo.com
DAVID E. MELAUGH (CA SBN 219477)
DMelaugh@mofo.com
LYNN M. HUMPHREYS (CA SBN 168062)
LHumphreys@mofo.com
JACQUELINE BOS (CA SBN 243938)
JBos@mofo.com
NATHAN B. SABRI (CA SBN 252216)
NSabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.   3:08-cv-04397-WHA<br><br>**AUTODESK'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT THAT AUTODESK IS A PURPORTED MONOPOLIST OR RELATING TO ANTITRUST ISSUES**<br><br>Date:    December 30, 2009<br>Time:    9:00 a.m.<br>Place:   Courtroom 9, 19th Floor<br>Judge:   Hon. William H. Alsup |

## I. INTRODUCTION

Despite having failed to allege any claims for antitrust violations against Autodesk, Solidworks has regularly (1) characterized Autodesk as a purported monopolist and (2) referenced a prior antitrust litigation involving Autodesk, more specifically a 1997 consent agreement entered into by Autodesk to settle certain Federal Trade Commission charges. Because these characterizations and references are irrelevant to the analysis of any claim in this case and designed solely to prejudice Autodesk before the jury, the Court should exclude all such characterizations and references from trial in accordance with Federal Rules of Evidence 402 and 403.

## II. ARGUMENT

### A. SolidWorks Should be Precluded from Characterizing Autodesk as a Purported Monopolist Because Such Characterizations are Unduly Prejudicial

Federal Rule of Evidence 403 bars evidence that provokes "an emotional response in the jury or otherwise tends to affect adversely on the jury's attitude toward [a party] wholly apart from its judgment as to" the merits of a case. *United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1327 (9th Cir. 1992) (quotation marks and citation omitted). "[P]rejudice outweighs probative value where the facts arouse the jury's feelings for one side without regard to the probative value of the evidence, or in other words, if the jury is basing its decision on something other than the established facts and legal propositions in the case." *United States v. Bowen*, 857 F.2d 1337, 1341 (9th Cir. 1988).

Throughout the course of these proceedings, SolidWorks has characterized Autodesk as a purported monopolist and suggested that great harm will befall the CAD industry should Autodesk prevail on its claims. In its counterclaims, SolidWorks alleged that Autodesk would "extend its monopoly power, and crush if not eliminate competition . . . ." (Answer & Countercl. To First Am. Compl. (D.I. 38), ¶ 20 of Counterclaims.) SolidWorks' proffered expert Joel Orr referred to Autodesk as "the 800-pound gorilla" in reference to Autodesk's position in the CAD industry. (Declaration of Jacqueline Bos ("Bos No. 3 Decl."), filed herewith, ¶ 2, Ex. 1 (Orr Dep. Tr. at 30:8, 30:21, 67:15).) Another SolidWorks witness described the market share of Autodesk's AutoCAD product as "unnatural." (Bos. No. 3 Decl., ¶ 3, Ex. 2 (Kelly 9/25/09 Dep. Tr. at 73:4).) During oral argument on the parties' summary judgment motions, counsel for SolidWorks even made the

unsubstantiated assertion that there is no dispute that AutoCAD has a seventy-one percent market share.

These characterizations are irrelevant, not probative of any issue in this case, and serve no purpose other than to color the jury's attitude toward Autodesk without regard to the actual claims in this case, which notably do not include allegations of antitrust violations. From a factual standpoint, SolidWorks has no foundation to claim that Autodesk is a monopolist simply based on the popularity of the AutoCAD product and its strong market share. *See, e.g.*, *Ticketmaster Corp. v. Tickets.Com, Inc.*, No. CV99-7654-HLH(VBKX), 2003 WL 21397701, at *4 (C.D. Cal. Mar. 7, 2003) ("Size alone or heavy market share alone does not make one a monopolist (or in danger of becoming one)"); *see also* Order Granting in Part and Denying in Part Plaintiff's and Defendant's Motions for Summary Judgment (D.I. 195) at 8 ("there is no concern that plaintiff will obtain a monopoly over the '.dwg' extension and prevent its use in the industry"). Moreover, courts have consistently held that characterizing a party as a monopolist is inappropriate, and have granted motions in limine to exclude such references. *Jamesbury Corp. v. Litton Indus. Prods., Inc.*, 756 F.2d 1556, 1559 (Fed. Cir. 1985) ("[T]his court has disapproved of a challenger's characterization of a patentee by the term 'monopolist,' which is commonly regarded as pejorative"); *Carl Schenck, A.G. v. Nortron Corp.*, 713 F.2d 782, 784 (Fed. Cir. 1983) (noting that a party's characterization of its opponent as a "monopolist" was a "denigration . . . inserted in a vain hope of prejudicing the court"); *S.H. Leggitt Co. v. Fairview Fittings & Mfg.*, No. 1:03-CV-294, 2005 WL 6003549, at *1 (W.D. Mich. May 9, 2005) (granting motion in limine and ordering defendant "not [to] refer to plaintiff's market share as a 'monopoly' at trial").

Because the probative value, if any, of evidence referring to Autodesk as a purported monopolist is heavily outweighed by the potential prejudicial impact, the Court should exclude any references to Autodesk as a monopolist in accordance with Federal Rules of Evidence 402 and 403. *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 993 (9th Cir. 2009) ("The court may exclude evidence when its probative value is substantially outweighed by the danger of unfair prejudice. Unfair prejudice within [this] context means an undue tendency to suggest decision on an improper basis") (internal citations omitted).

AUTODESK'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT THAT AUTODESK IS A PURPORTED MONOPOLIST OR RELATING TO ANTITRUST ISSUES
CASE NO. 3:08-CV-04397-WHA
sf-2769266

2

### B. SolidWorks Should be Precluded from Presenting Any Evidence or Testimony Regarding the 1997 Consent Agreement Entered into by Autodesk Because Such Evidence is More Prejudicial Than Probative

In addition to characterizing Autodesk as a purported monopolist, SolidWorks has also made multiple references to a prior Federal Trade Commission ("FTC") action involving Autodesk. SolidWorks' proffered expert Joel Orr quoted the entirety of a press release regarding the consent agreement entered into by Autodesk to settle those charges. (Bos No. 3 Decl., ¶ 4, Ex. 3 (Orr Report ¶ 87); *see also id.*, ¶ 5, Ex. 4 (SolidWorks' Third Supp. Resps to Autodesk's First Set of Interrogs at 15).) According to that press release, the FTC announced on March 31, 1997 that Autodesk had agreed to settle charges that Autodesk's acquisition of Softdesk, Inc. would have substantially lessened competition in the development and sale of computer-aided design software engines. *Id*. Softdesk had been developing software called IntelliCADD which would have competed with AutoCAD, but this product was divested to another company. *Id*. The resulting consent agreement was designed to prohibit Autodesk or Softdesk from re-acquiring the IntelliCADD product or any entity that owns or controls it, without prior notice to the FTC, for a 10-year period. *Id*.

This evidence of a prior antitrust case involving Autodesk should be excluded from trial because it has no probative value to any issue in this case, and is unduly prejudicial. Indeed, the Ninth Circuit Court of Appeals, when reviewing this exact question, affirmed a district court's decision to "exclude[] all reference to a consent decree entered into between IBM and the United States in settlement of antitrust litigation some 20 years ago" because the district court had properly exercised its discretion in assessing the prejudicial impact of such evidence. *Greyhound Computer Corp., Inc. v. IBM Corp.*, 559 F.2d 488, 508 (9th Cir. 1977).

Regardless of whether the evidence pertaining to a prior antitrust case stems from a consent decree or final verdict, courts have routinely held that such evidence should be excluded from unrelated proceedings. *See Petruzzi's IGA Supermarkets, Inc. v. Darling-Delaware Co., Inc.*, 998 F.2d 1224, 1246-47 (3d Cir. 1993) (upholding district court's refusal to admit evidence of five prior antitrust suits against defendants and noting that prior actions were not relevant to defendants' motive to enter into antitrust conspiracy); *Int'l Shoe Mach. Corp. v. United Shoe Mach. Corp.*, 315 F.2d 449, 459 (1st Cir. 1963) ("Whether admitted purely as 'background' evidence or not,

AUTODESK'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT THAT AUTODESK IS A PURPORTED MONOPOLIST OR RELATING TO ANTITRUST ISSUES
CASE NO. 3:08-CV-04397-WHA
sf-2769266

3

evidence of a judicial determination of prior illegal conduct on the part of the defendant [a decree admitting a violation of the antitrust laws] cannot help but have a great emotive impact on a jury . . . It would be subversive of the purpose of Section 5 to permit the introduction of a prior decree or judgment 'merely for its aura of guilt, or 'to imply new wrongdoing from past wrongdoing'''") (citation omitted).

"Because of the inherently prejudicial nature of such evidence, however, evidence of prior antitrust cases involving [a party] are only admissible if [the opposing party] can demonstrate that the conduct underlying those prior judgments had a direct, logical relationship to the conduct at issue in the present case." *Sullivan v. Nat'l Football League*, 34 F.3d 1091, 1113 (1st Cir. 1994) (internal citations omitted); *see also Coleman Motor Co. v. Chrysler Corp.*, 525 F.2d 1338, 1351 (3d Cir. 1975) ("The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it . . . It is sufficient that knowledge of the prior verdict could have influenced the jury's decision on either count so that the defendant was unduly prejudiced"). Nothing in the FTC action has a direct, logical relationship to any issue in this case. As such, the Court should, in accordance with Federal Rules of Evidence 402 and 403, exclude all evidence regarding the irrelevant FTC action because it is more prejudicial than probative and could improperly influence the jury with respect to the actual claims in this case.

## III.  CONCLUSION

For the reasons stated above, the Court should grant Autodesk's Motion in Limine No. 3 and exclude any evidence or argument characterizing Autodesk as a purported monopolist or documenting any prior antitrust action involving Autodesk.

Dated: December 14, 2009

MICHAEL A. JACOBS
J. THOMAS MCCARTHY
DAVID E. MELAUGH
LYNN M. HUMPHREYS
JACQUELINE BOS
NATHAN B. SABRI
MORRISON & FOERSTER LLP

By:  /s/ *Michael A. Jacobs*
       MICHAEL A. JACOBS

Attorneys for Plaintiff AUTODESK, INC.

AUTODESK'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OR ARGUMENT THAT AUTODESK IS A PURPORTED MONOPOLIST OR RELATING TO ANTITRUST ISSUES
CASE NO. 3:08-CV-04397-WHA
sf-2769266

4