MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
J. THOMAS MCCARTHY (CA SBN 034728)
TMcCarthy@mofo.com
DAVID E. MELAUGH (CA SBN 219477)
DMelaugh@mofo.com
LYNN M. HUMPHREYS (CA SBN 168062)
LHumphreys@mofo.com
JACQUELINE BOS (CA SBN 243938)
JBos@mofo.com
NATHAN B. SABRI (CA SBN 252216)
NSabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.   3:08-cv-04397-WHA<br><br>**AUTODESK'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING POST-2005 AND FOREIGN USE OF "DWG"**<br><br>Date:   December 30, 2009<br>Time:   9:00 a.m.<br>Place:  Courtroom 9, 19th Floor<br>Judge:  Hon. William H. Alsup |

## I. INTRODUCTION

The use of DWG (1) after the date on which SolidWorks began using Autodesk's mark or (2) outside of the United States is legally irrelevant to the analysis of whether DWG is generic. The Court should therefore exclude such evidence from trial in accordance with Federal Rule of Evidence 402.

## II. ARGUMENT

### A. SolidWorks Should Be Precluded from Introducing Evidence of Third Party Use of DWG in Company or Product Names after July 2004 Because That is the Critical Date for the Determination of Genericness

"The crucial date for the determination of genericness is the date on which the alleged infringer entered the market with the disputed mark or term." *Yellow Cab Co. of Sacramento v. Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005); *see also Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 744 (2d Cir. 1998) (finding that "the appropriate date for judging distinctiveness is the date . . . Perrier introduced the allegedly infringing bottles").

Autodesk has alleged that SolidWorks infringes Autodesk's mark DWG by using several DWG-based designations. (First Am. Compl. (D.I. 37) ¶¶ 42-44.) SolidWorks first incorporated DWG into a product name in August 2004 when it released DWGeditor. (Declaration of Jacqueline Bos in Support of Autodesk's Motion in Limine No. 4 ("Bos No. 4 Decl."), filed herewith, ¶ 2, Ex. 1 (SolidWorks' Third Supp. Responses to Autodesk's First Set of Interrogs, at 9.) According to SolidWorks, "though SolidWorks' first customer shipment of DWGeditor was in August 2004, it was available as a beta release prior to that date, and publicized enough such that Autodesk had prepared a responsive white paper by July 2004." *Id*. at 10. Subsequently, SolidWorks released DWGgateway in January 2005. *Id*. at 9. Accordingly, the crucial date for the determination of whether DWG was generic is approximately July 2004, and no later than August 2004, since that is the date on which SolidWorks entered the market with its DWG-branded products.

Notwithstanding this fact, SolidWorks has identified several company or product names containing DWG that came into existence several years after the crucial date as evidence that DWG was generic in July 2004. These include:

1. Planet DWG – a product described as "Version: 2007 v1.0" and listing a date of "March 23, 2006." (Bos No. 4 Decl., ¶ 3, Ex. 2 (Roberts Decl. in Support of SolidWorks' Mot. for Summ. J. (D.I. 98-1) Ex. 9B).)

2. DWGConverter – a product listing a copyright date of 2007. (*Id*. Ex. 9D.)

3. Anydwg.com – a company website listing a copyright date of 2008. (*Id*. Ex. 9E.)

4. Free DWG Viewer – a product showing a publication date of May 10, 2007. (*Id.* Ex. 9H.)

5. DWGTool.com – a company website that did not use the name DWGTool until December 13, 2005. *Compare* Bos No. 4 Decl., ¶ 4, Ex. 3 *with* Bos No. 4 Decl. ¶ 5, Ex. 4; s*ee also* Bos No. 4 Decl., ¶ 6, Ex. 5 (noting that Free Fire Software later changed its name to DWGTool).

6. FlashDWG Viewer – a product launched in February 2005 (Bos No. 4 Decl., ¶ 7, Ex. 6).

Under *Yellow Cab*, none of these company or product names is probative of whether DWG was generic in July 2004. Accordingly, evidence of them is irrelevant and should be excluded from evidence in accordance with Federal Rule of Evidence 402. Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible"). If admitted, this irrelevant evidence has the potential to confuse the jury on the issue of genericness and prejudice Autodesk. *See Millenkamp v. Davisco Foods Int'l., Inc.*, 562 F.3d 971, 978 (9th Cir. 2009) (holding "that the district court abused its discretion in admitting" evidence that was "not relevant" and "prejudicial" to party).

**B. SolidWorks Should Be Precluded from Introducing Evidence of Foreign Use of DWG in Company or Product Names Because Foreign Documents and Publications are of No Probative Value as to Public Perception of a Term in the United States**

In assessing genericness, the primary factor to be considered is how "the relevant public," or the consumers interested in purchasing the goods and services at issue, perceive the mark at issue. *Comm. for Idaho's High Desert, Inc. v. Yost,* 92 F.3d 814, 821 (9th Cir. 1996)*; Self-Realization Fellowship Church v. Ananda Church of Self-Realization,* 59 F.3d 902, 909 (9th Cir. 1995); *see also* 15 U.S.C. § 1064(3) (statutory test for genericness). Perception of a mark in a separate market is entitled to no weight. *Yellow Cab*, 419 F.3d at 930 n. 4 ("we must reject the specific argument

tendered by the defendant that the use of the term 'yellow cab' in the New York City metropolitan area is dispositive in determining the distinctiveness of a mark used by a small business claiming territorial rights in Sacramento, California").

Furthermore, foreign publications are not probative of consumer opinion in the American market. *See, e.g.*, *Anheuser-Busch Inc. v. Stroh Brewery Co.*, 750 F.2d 631, 642 (8th Cir. 1984) ("a term may be generic in one country and suggestive in another . . . the district court was correct in not ascribing weight to the Australian experience in its determination of consumer perceptions or its ultimate classification"); *U.S. Express, Inc. v. U.S. Express, Inc.*, 799 F. Supp. 1241, 1243 (D.D.C. 1992) ("Many of the news articles introduced by the Defendant derive from foreign publications and, as such, are not probative of consumer opinion in the relevant market"); *Seiko Sporting Goods USA, Inc. v. Kabushiki Kaisha Hattori Tokeiten*, 545 F. Supp. 221, 226 (S.D.N.Y. 1982) ("While plaintiff has sought to show that Seiko is a generic term in Japanese, it is not so recognized in this country"); *Carcione v. The Greengrocer, Inc.*, 205 U.S.P.Q. 1075, 1077 (E.D. Cal. 1979) ("The parties agree that the term is generic in Britain. Since we deal here with American trademark law, and thus American consumers, neither British usage nor the dictionary definition indicating such usage are determinative"); *In re Bel Paese Sales Co.*, 1 U.S.P.Q.2d 1233, 1235 (T.T.A.B. 1986) ("In this regard, we agree with applicant that the *Eggs, Milk and Cheese* publication and the *Financial Times* article are of no probative value as to public perception of the term in the United States since they are foreign publications and there is no evidence as to the extent of circulation of those publications in the United States, if any"); *cf. Grupo Gigante SA De CV v. Dallo & Co., Inc.*, 391 F.3d 1088, 1093 (9th Cir. 2004) ("[p]riority of trademark rights in the United States depends solely upon priority of use in the United States, not on priority of use anywhere in the world. Earlier use in another country usually just does not count") (internal quotation marks and citations omitted).

As evidence that DWG is generic, SolidWorks has identified several foreign companies and/or product names containing DWG. These include:

AUTODESK'S MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE REGARDING POST-2005 AND FOREIGN USE OF "DWG"   3
CASE NO. 3:08-CV-04397-WHA
sf-2773400

1. GreatStar Software (www.staricad.com)
2. DWGtool.com
3. Easydwg.com

GreatStar Software lists its address as being in China (Bos No. 4 Decl., ¶ 3, Ex. 2 at Ex. 9N), and over 91 percent of the visitors to the company's website are based in India and Turkey. (Bos No. 4 Decl., ¶ 8, Ex. 7 (Decl. of Jacqueline Bos in Support of Autodesk's Opp'n to SolidWorks' Mot. for Summ. J. (D.I. 134-48), Ex. 21).) DWGTool.com has resellers only in Europe, South Korea, China, Russia, and the CIS – not in the United States. (Bos No. 4 Decl., ¶ 9, Ex. 8 (DWGTool reseller information).) Easydwg.com specifically notes that "Digital River GmbH (share-it!) is the seller of the products in your shopping cart and your contractual partner" and lists Digital River's address as being in Germany. (Bos No. 4 Decl., ¶ 3, Ex. 2 at Ex. 9I.) In addition, easy.dwg has negligible traffic from the United States. (Bos No. 4 Decl., ¶ 8, Ex. 7.)

The existence of these companies and their products is of no probative value as to public perception of the term in the United States since they are foreign publications, and there is no evidence as to the extent of circulation of these publications in the United States. Accordingly, this documentation, as well as similar foreign publications, is irrelevant and should be excluded from evidence in accordance with Federal Rule of Evidence 402. If admitted, this irrelevant evidence has the potential to confuse the jury on the issue of genericness and prejudice Autodesk. *See Millenkamp*, 562 F.3d at 978.

## III. CONCLUSION

For the reasons stated above, the Court should grant Autodesk's Motion in Limine No. 4 and exclude evidence or argument that DWG is generic because of (1) the use of the DWG mark after the date on which SolidWorks began using Autodesk's mark or (2) the use of the DWG mark outside of the United States.

Dated: December 14, 2009

MICHAEL A. JACOBS
J. THOMAS MCCARTHY
DAVID E. MELAUGH
LYNN M. HUMPHREYS
JACQUELINE BOS
NATHAN B. SABRI
MORRISON & FOERSTER LLP

By: /s/ *Michael A. Jacobs*
     MICHAEL A. JACOBS

Attorneys for Plaintiff
AUTODESK, INC.