MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
J. THOMAS MCCARTHY (CA SBN 034728)
TMcCarthy@mofo.com
DAVID E. MELAUGH (CA SBN 219477)
DMelaugh@mofo.com
LYNN M. HUMPHREYS (CA SBN 168062)
LHumphreys@mofo.com
JACQUELINE BOS (CA SBN 243938)
JBos@mofo.com
NATHAN B. SABRI (CA SBN 252216)
NSabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.   3:08-cv-04397-WHA<br><br>**AUTODESK'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ANY LEGAL ADVICE SOLIDWORKS MAY HAVE RECEIVED ON ISSUES IN THE CASE**<br><br>Date:     December 30, 2009<br>Time:    9:00 a.m.<br>Place:    Courtroom 9, 19th Floor<br>Judge:   Hon. William H. Alsup |

## I.   INTRODUCTION

SolidWorks asserted the attorney-client and work product privileges to deny Autodesk the opportunity to question SolidWorks' witnesses about any legal advice SolidWorks may have received on issues in the case, including (1) any advice lawyers may have given regarding the naming of the DWGseries products, (2) any advice lawyers may have given regarding SolidWorks press releases or the DWGseries products generally, and (3) SolidWorks' attorney's response to a cease-and-desist letter sent by Autodesk.  The Court should therefore exclude such evidence or related argument from trial.

## II.   FACTUAL BACKGROUND

### A.   Legal Advice Concerning Use of "DWG" in SolidWorks' Product Names

In considering potential names for its DWGseries of products, SolidWorks obtained the advice of its in-house counsel, Holly Stratford, who was also the person at SolidWorks responsible for hiring and supervising outside counsel.  (Declaration of Jacqueline Bos in Support Of Autodesk's Motion in Limine No. 5 ("Bos No. 5 Decl."), ¶ 2, Ex. 1 (Stratford Dep. Tr. at 66:13-18).) Ms. Stratford is listed as an "expect to call" witness on SolidWorks' Rule 26(a)(3) disclosures.

Aaron Kelly, SolidWorks' corporate designee on the topic of selection, adoption, use, and promotion of the names of the DWGseries of products, was asked about whether SolidWorks sought legal advice concerning the use of "DWG" in SolidWorks product names.  Counsel then engaged in the following colloquy:

> MR. JACOBS:  I think what I do need to know is whether the witness is going to try to testify at trial, we went to counsel, counsel said okay.
>
> MR. STERN:  This witness would not testify to that.
>
> MR. JACOBS:  And would SolidWorks testify to that?
>
> MR. STERN:  Possibly.  But not through Mr. Kelly.  Mr. Kelly is not being identified as a person who's going to be testifying about what legal work was done by -- by SolidWorks, nor was it one of the subjects that was identified in the 30(b)(6) notice.

AUTODESK'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ANY LEGAL ADVICE
SOLIDWORKS MAY HAVE RECEIVED ON ISSUES IN THE CASE
CASE NO. 3:08-CV-04397-WHA
sf-2777867

1

(Bos No. 5 Decl. ¶ 3, Ex. 2 (Kelly 6/25/09 Dep. Tr. at 194:25-195:13).) Based on this representation, Autodesk deposed Ms. Stratford regarding any advice she may have rendered on the subject of how the DWGseries products were named, but was stymied by SolidWorks' claims of privilege.

Ms. Stratford noted that SolidWorks has a policy regarding legal review of proposed product names, but refused to explain or describe that policy after deciding to follow her counsel's instruction not to answer that question. (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. 41:7-18).) She stated that she had provided legal advice in connection with the naming of each of the DWGseries of products, including DWGeditor and DWGgateway. (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. 44:17-45:4).) Nevertheless, Ms. Stratford refused to reveal the nature of her advice:

> Q. When whoever it was checked with you to be sure it was okay to use "DWG," did you tell them it was okay to use "DWG"?
>
> MS. ROBERTS: Objection, calls for privileged information. . . . I'll instruct you not to answer.
>
> THE WITNESS: I won't answer.

(Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. 86:10-16).) Ms. Stratford also revealed that she had communications with outside counsel regarding the naming of the DWGeditor product, but claimed privilege on those communications. (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. 170:18-23).)

When asked about what she did to prepare her legal advice on the naming of the DWGseries products, Ms. Stratford again refused to answer:

> Q. I have a series of similar questions about whether you reviewed things like the Autodesk website, Autodesk advertising, Autodesk trademark lists, whether you reviewed any of those things in connection with providing advice about the naming of the DWGeditor product.
>
> MS. ROBERTS: And I'm going to assert the same objection.
>
> THE WITNESS: And I'll follow her advice.
>
> BY MR. MELAUGH: And then we'll move through this quickly now or this part anyway. I have the same set of questions about the remaining products in the DWGseries. So to state those for the record, whether you reviewed Autodesk materials generally, including product packaging, advertisements, trademark lists in the course of providing advice about the naming for DWGgateway, DWGnavigator, or DWGviewer.
>
> MS. ROBERTS: I'll object as privileged and work product and instruct her not to answer.

AUTODESK'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ANY LEGAL ADVICE SOLIDWORKS MAY HAVE RECEIVED ON ISSUES IN THE CASE
CASE NO. 3:08-CV-04397-WHA
sf-2777867

2

THE WITNESS:  And I'll take her instruction.

(Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. 61:10-62:5).)  In discussing SolidWorks' response to an interrogatory concerning the advice of counsel defense, Ms. Stratford refused to answer any questions on the opinions she had rendered.  (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 135:9-137:10).)

Finally, when asked about other advice regarding DWGgateway, Ms. Stratford elected not to answer:

> Q.  Have you provided advice regarding the name of the DWGgateway product apart from this -- apart from this occasion when you gave advice prior to the naming?
>
> A.  I've had communications again with counsel on the name.
>
> Q.  And what did you do to prepare for those communications?
>
> MS. ROBERTS: I object as work product and privileged.  . . .  And instruct not to answer.
>
> THE WITNESS:  And I won't answer.

(Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 178:23-179:8).)

### B.  Legal Advice Concerning SolidWorks Press Releases and the DWGseries of Products Generally

In addition to providing legal advice concerning the naming of the DWGseries of products, Ms. Stratford also advised SolidWorks on other aspects of the company's activities.  She acknowledged that SolidWorks has a general practice with regard to the review of press releases by legal personnel prior to publication, but again refused to explain that practice.  (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 40:8-19).)  Ms. Stratford also declined to answer questions regarding her legal advice pertaining to other subject matters related to both DWGeditor and DWGgateway.  (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 46:18-25; 47:7-18).)  For example, Ms. Stratford acknowledged giving legal advice, beyond the naming of the product, in connection with DWGgateway.  (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 179:10-17).)  Still, she did not answer questions directed to the basis for any such advice.  *Id*.

AUTODESK'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ANY LEGAL ADVICE
SOLIDWORKS MAY HAVE RECEIVED ON ISSUES IN THE CASE
CASE NO. 3:08-CV-04397-WHA
sf-2777867

3

**C.  Legal Advice Concerning DWGgateway Website**

On April 11, 2005, Autodesk sent SolidWorks a letter requesting that SolidWorks cease publishing advertisements that made use of AutoCAD's trademark and directed viewers to the DWGgateway website.  (Bos No. 5 Decl., ¶ 4, Ex. 3 (Autodesk letter).)  On April 20, 2005, Ms. Stratford sent a response, noting that though SolidWorks did "not necessarily agree that the public was confused as to the origin of DWGgateway since the website from which the DWGgateway product can be downloaded was identified as a SolidWorks Corporation site," it would modify its advertising and website as requested.  (Bos No. 5 Decl., ¶ 5, Ex. 4 (SolidWorks letter).)  When asked about her statement, Ms. Stratford again refused to answer on the basis of privilege:

> Q.  So we have a clear record here, the question pending is:  Did SolidWorks agree or disagree that the public was confused as to the origin of DWGgateway?
>
> MS. ROBERTS:  Objection, work product; privileged. . . . Instruct you not to answer.
>
> Q.  Did you know of any confusion in the public as to the origin of the DWGgateway website?
>
> MS. ROBERTS:  Objection, work product; privileged. . . . Instruct you not to answer.
>
> THE WITNESS:  I won't answer.
>
> Q.  Had anyone from the public expressed to SolidWorks confusion about the origin of the DWGgateway website?
>
> MS. ROBERTS:  Objection, privileged. . . . Instruct you not to answer.
>
> THE WITNESS:  I won't answer.

(Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 103:18-104:10).)

Ms. Stratford also declined to comment on why SolidWorks had undertaken the changes requested in Autodesk's letter, and refused to answer questions about why the website previously did not reference SolidWorks as a sponsor.  (Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 100:14-19; 101:5-11; 105:8-13).)  Ultimately, Ms. Stratford followed her counsel's instructions not to answer any questions related to the legal advice she had provided pertaining to the DWGgateway website:

> Q.  What was the general subject matter, the general nature of the legal advice you provided on the DWGgateway website?

AUTODESK'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ANY LEGAL ADVICE
SOLIDWORKS MAY HAVE RECEIVED ON ISSUES IN THE CASE
CASE NO. 3:08-cv-04397-WHA
sf-2777867

4

> MS. ROBERTS: I'm going to object as privileged. . . . And instruct not to answer unless there's a way to do so without disclosing the substance of conversations.
>
> THE WITNESS: I don't think I can.

(Bos No. 5 Decl., ¶ 2, Ex. 1 (Stratford Dep. Tr. at 64:9-16).)

## III. ARGUMENT

### A. Solidworks Should be Barred from Eliciting any Testimony Regarding Legal Advice it May Have Received on Issues in the Case

As reflected above, at every possible point during Ms. Stratford's deposition, SolidWorks instructed Ms. Stratford not to answer questions concerning any legal advice concerning the issues in dispute in this litigation. In *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, the Ninth Circuit Court of Appeals recognized that a party that asserts the attorney-client privilege in discovery may appropriately be barred from introducing evidence at trial concerning the matters as to which it asserted the claim of privilege. *Columbia Pictures Television*, 259 F.3d 1186, 1196 (9th Cir. 2001). There, the defendant had "refused to answer questions regarding his interactions with counsel at his deposition," but sought at trial to rely on an advice of counsel defense to demonstrate that his copyright infringement was not willful. *Id*. The appellate court concluded that the district court was within its discretion in excluding evidence of the defendant's reliance on advice of counsel. *See id.*

Here, SolidWorks has prevented Autodesk from learning anything about the legal advice rendered by Ms. Stratford – indeed, no SolidWorks witness, including its corporate designees, provided any testimony on the nature of the legal advice the company may have relied on in developing and marketing its DWGseries of products. Despite testifying that SolidWorks has procedures in place regarding review by legal personnel of product names and press releases, Ms. Stratford refused to answer questions about those procedures, as well as questions about specific advice she had rendered in accordance with those procedures. Likewise, she refused to answer questions about any legal advice she had given pertaining to any aspect of the DWGseries of products, including the correspondence between Autodesk and SolidWorks regarding SolidWorks' advertising and DWGgateway website. Finally, as the person responsible for hiring and supervising

AUTODESK'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ANY LEGAL ADVICE SOLIDWORKS MAY HAVE RECEIVED ON ISSUES IN THE CASE
CASE NO. 3:08-CV-04397-WHA
sf-2777867

5

SolidWorks' outside counsel, Ms. Stratford acknowledged that she had consulted with outside counsel on various issues in this lawsuit, yet claimed privilege over all such communications, denying Autodesk the opportunity to learn the basis or nature of any legal advice SolidWorks may have received in connection with issues in this case.

Because of SolidWorks' refusal to allow any discovery into such legal advice, the Court should exclude all evidence or argument by any SolidWorks witness pertaining to that advice. *See id.*; *see also Therasense, Inc. v. Becton, Dickinson and Co.*, No. C 04-02123 WHA, 2008 WL 2323856, at *3 (N.D. Cal. May 22, 2008) (excluding all testimony and opinions about tests where party did not permit opposing party to question "witness who did conduct and participate in the experiments, concealing all of the tests from discovery during all phases of discovery under a claim of privilege"); *Memry Corp. v. Kentucky Oil Technology, N.V.*, No. C-04-03843 RMW, 2007 WL 4208317, at *9 (N.D. Cal. Nov. 27, 2007) (granting in part motion in limine because witness "should not subsequently be permitted to testify as to . . . anything that the instruction not to answer fairly covered"); William A. Schwarzer, et al., *Federal Civil Procedure Before Trial*, ¶ 11:37 at 11-29 (2000) ("[T]he court may fashion remedies to prevent surprise and unfairness to the party seeking discovery. For example, where the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged").

## IV.  CONCLUSION

For the reasons stated above, the Court should grant Autodesk's Motion in Limine No. 5 and exclude evidence or argument relating to any legal advice SolidWorks may have received on issues in this case.

Dated: December 14, 2009

MICHAEL A. JACOBS
J. THOMAS MCCARTHY
DAVID E. MELAUGH
LYNN M. HUMPHREYS
JACQUELINE BOS
NATHAN B. SABRI
MORRISON & FOERSTER LLP

By:  /s/ *Michael A. Jacobs*
       MICHAEL A. JACOBS

Attorneys for Plaintiff AUTODESK, INC.

AUTODESK'S MOTION IN LIMINE NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT REGARDING ANY LEGAL ADVICE SOLIDWORKS MAY HAVE RECEIVED ON ISSUES IN THE CASE
CASE NO. 3:08-CV-04397-WHA
sf-2777867

6