QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Evette D. Pennypacker (Bar No. 203515)
  Andrea Pallios Roberts (Bar No. 228128)
  Zachary M. Fabish (Bar No. 247535)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100

Attorneys for Defendant
Dassault Systèmes
SolidWorks Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.    3:08-cv-04397-WHA<br><br>**DEFENDANT SOLIDWORKS' OPPOSITION TO AUTODESK'S MOTION *IN LIMINE* 5 PRECLUDING EVIDENCE OR ARGUMENT REGARDING LEGAL ADVICE RECEIVED ON ISSUES IN THE CASE** |

**Issue to be decided:  Whether the Court should exclude factual evidence provided during discovery relating to legal advice that may have been obtained by SolidWorks regarding the issues in this case.**

Plaintiff Autodesk, Inc. ("Autodesk") moved *in limine* for an order excluding evidence or related argument "relating to any legal advice SolidWorks may have received on issues in this case." Specifically, Autodesk moves to exclude evidence or argument regarding advice lawyers may have given SolidWorks regarding the naming of the DWGseries software tools, press releases or the DWGseries software tools generally, and a letter sent by Autodesk in April 2005 complaining about the light blue color of the webpage www.dwggateway.com. Autodesk claims SolidWorks asserted the attorney-client and work product privileges to "deny Autodesk the opportunity to question SolidWorks' witnesses about any legal advice SolidWorks may have received on issues in the case." Mot. # 5, at 1. Autodesk, however, does not bother to acknowledge the subject matters on which SolidWorks' employees *did* testify with respect to these topics. *Id.* There is no basis for excluding testimony on subjects disclosed to Autodesk in the course of discovery. Such facts are relevant to Autodesk's use of the term "DWG" as a trademark, or lack thereof, which is a factor the jury can consider in deciding whether "DWG" is generic. Accordingly, this Court should not preclude SolidWorks from introducing testimony, evidence, or argument on these facts.[1]

## I.   PRELIMINARY STATEMENT OF RELEVANT FACTS.

*Naming SolidWorks' DWGseries software tools.* Autodesk deposed SolidWorks' former General Counsel, Ms. Holly Stratford. Ms. Stratford was asked and testified about searches conducted in connection with naming SolidWorks' DWGseries software tools. She testified that SolidWorks has a policy regarding legal review of proposed product names. (Roberts Decl., Ex. 6 - Stratford Depo., 41:7-11.) Ms. Stratford provided legal advice with respect to the naming of DWGeditor, DWGgateway, DWGviewer, and DWGnavigator as part of that policy. (*Id.*, 44:17-45:24, 47:1-6, 47:19-48:1, 48:5-19; *see also* Ex. 2 - Garcia Depo., 54:3-55:14; *id.*, Ex. 5 - Noftle Depo., 51:6-54:7; *id.*, Ex. 7 - Zuffante Depo., 58:15-59:11.) She took the following steps:

---

[1] Autodesk's *in limine* motion is vague – presumably intentionally – regarding whether it seeks to preclude evidence regarding facts which SolidWorks' former in-house counsel testified to at deposition. Because Autodesk does not even acknowledge that these facts were disclosed in discovery, it seems that Autodesk is attempting to exclude these facts.

> Q: All right, so what other searches did you conduct in connection with the naming of the DWGeditor?
>
> A: I searched the trademark, registered trademark database up on the Internet. I searched – I looked at the link that Autodesk has on its website where it lists its trademarks. I did a Google search of I believe DWGeditor, DWGgateway, DWG – well, I'm not sure what all variations.

(*Id.*, Ex. 6, 162:25-163:6.)

> Q: When did you do the searches for trademarks that we discussed a moment ago?
>
> A: Well, before DWGeditor was released. I'm foggy on the years, I think that was before August 2005, but it was before the release, the public release of DWGeditor.

(*Id.*, 86:18-87:7, 164:18-22.)

> Q: . . . did you look to see whether there were many DWG products out there in the marketplace already as Mr. Kelly suggests here?
>
> A: My Google search, my recollection is that it turned up other DWG named products.

(*Id.*, 165:11-166:5.)

> Q: I believe you testified earlier that you provided SolidWorks with legal advice in connection with the naming of the DWGgateway product, is that right?
>
> A: Yes.
>
> Q: What work did you do in connection with that advice?
>
> A: I believe I repeated the steps that I performed in connection with the DWGeditor product.
>
> Q: Which is to say you searched the trademark –
>
> A: Registered trademarks, looked at the Autodesk trademark page on the website, and did some Google searches.

(*Id.*, 176:3-14.)

> Q: What were the results? You ran a search on the PTO website in connection with the DWGgateway website or DWGgateway product, what did you come up with?
>
> A: My recollection is that I saw at least two old applications from Autodesk for registrations of names that included DWG. I think one was DWGUNPLUGGED and one might have been DWGMAX or MAXDWG, each of which has a specific disclaimer as to rights in the three letters 'DWG.
>
> Q: What was the nature of that disclaimer?

Objection, vague

A:    I don't remember exactly, I mean it's available on the site.

Q:    And what did you – what else do you recall about the PTO website search, if anything?

A:    Well, you know, I don't recall specifically but I know I was looking to see whether the marks were active or dead.  I can't remember what the answer was.  And I also saw some other marks that had DWG, compound marks essentially that had the letters 'DWG' in them that were registered, live registered trademarks.

Q:    Do you recall what those were?

A:    I remember at least two, OPENDWG and RASTERDWG.

Q:    What did you determine when you looked at the Autodesk website in connection with the DWGgateway?

A:    I did not see DWG, the letters DWG listed as either a registered trademark or a common law trademark.

Q:    When you say 'common law trademark,' what are you referring to?

A:    A trademark asserted by a company that has not been, as a trademark, asserted as a trademark but not registered with the USPTO.

(*Id.*, 177:9-178:15.)[2]  SolidWorks' Rule 30(b)(6) witness, Aaron Kelly, testified to the same facts:

A:    . . . [Ms. Stratford] looked at Autodesk's website to see if there was a trademark; there was not.  She also noticed that there was many DWG files already – files – DWG products out there in the marketplace already.  So we went with DWGeditor.

(*Id.*, Ex. 3 - Kelly 6/25/09 Depo., 192:12-17.)

A:    she told me she looked at Autodesk's website, looked at their trademarks, it wasn't there.  She looked on the Internet and saw that there were many DWG named products out there.

(*Id.*, 197:3-7.)

---

[2]  Autodesk's motion cites to an earlier portion of Ms. Stratford's deposition, wherein she did not provide these responses on privilege grounds.  These facts were, however, ultimately provided to Autodesk during the deposition, so there is no prejudice to Autodesk in SolidWorks introducing them at trial.

| | | |
|---|---|---|
| 1 | Q: | You know that she looked at the Autodesk website. |
| 2 | A: | I do. |
| 3 | Q: | You know that she – and I take it that what you're saying is she looked at the website to see whether Autodesk was claiming DWG as a trademark. |
| 4 | | |
| 5 | A: | Yes. |
| | Q: | Is that what she conveyed to you? |
| 6 | A: | Yes. |
| 7 | Q: | And that she was aware that there were other products named DWG or became aware? |
| 8 | | |
| | A: | Yes. |

(*Id.*, 197:16-198:3.)  Ms. Stratford also explained her understanding of the purpose of SolidWorks' DWGeditor. (*Id.*, Ex. 6 - Stratford Depo., 49:4-50:7.)

***SolidWorks' response to Autodesk's April 11, 2005 letter.***  Ms. Stratford was also asked about an April 11, 2005 letter from Autodesk to SolidWorks complaining about the DWGgateway webpage, and SolidWorks' response thereto.  Ms. Stratford was asked only three questions about these letters: (1) whether SolidWorks agreed or disagreed that the public was confused by the DWGgateway webpage, (2) whether she was aware of any instance in which the public was confused as to the origin of the DWGgateway webpage, and (3) why SolidWorks undertook changes it made to the DWGgateway webpage.  (*Id.*, 101:14-105:13.)  Ms. Stratford answered the second question, saying she does not recall any instance in which the public was confused as to the origin of the DWGgateway webpage.  (*Id.*, 105:5-7.)  Ms. Stratford did not answer the other two questions on privilege grounds.  (*Id.*, 101:14-105:13.)  Ms. Stratford was not asked any other questions about these letters.  In particular, she was not asked whether Autodesk complained about use of the term "DWG" in the letter, whether Autodesk claimed trademark rights in the term "DWG" in the letter, whether Autodesk complained about SolidWorks' marketing statements regarding the capabilities of DWGgateway, the steps SolidWorks took in response to Autodesk's letter, whether she or anyone else at SolidWorks had other communications with Autodesk regarding the April 11 letter or the DWGgateway webpage, whether Autodesk ever responded to *her* responsive letter, and whether Autodesk ever

1  complained again about the DWGgateway webpage, including its use of the term "DWG," the
2  statements thereon, or its use of the term "AutoCAD." She therefore did not refuse to answer
3  such questions. (*Id.*)

4  **II.    ARGUMENT**

5  Autodesk seeks to exclude all evidence or related argument "*relating to* legal advice
6  SolidWorks may have received on issues in this case." *See generally* Mot. # 5 (emphasis added).
7  Autodesk's motion is not limited to legal advice alone. In doing so, Autodesk seeks to exclude
8  relevant evidence regarding its use – or lack thereof – of "DWG" as a trademark at the time
9  SolidWorks' DWGeditor entered the market, and Autodesk's failure to object to SolidWorks' use
10 of the term "DWG" in its product names or to SolidWorks' allegedly false statements regarding
11 DWGgateway. That SolidWorks objected to questions about legal advice during Ms. Stratford's
12 deposition does not mean it is precluded from introducing testimony or evidence about facts
13 which Ms. Stratford, and other SolidWorks employees, testified to in deposition.

14 Autodesk cites no cases holding that where a party objects to deposition questions
15 regarding legal advice on privilege, *all* testimony from that witness is precluded. *See Columbia*
16 *Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir.
17 2001); *Memry Corp. v. Kentucky Oil Technology, N.V.*, 2007 WL 4208317, *9 (N.D. Cal. 2007).[3]
18 This is not the law. In fact, in *Memry*, the district court explained that to the extent privilege is
19 not asserted as to some issues, that testimony should not be excluded. *Memry*, 2007 WL 4208317
20 at *9; *see also* Moore's Federal Practice 3d §26.49[5][a] ("Discussing the underlying facts of a
21 privileged communication does not by itself waive the privilege").

22 Here, SolidWorks only asserted attorney-client privilege as to any *legal advice* that may
23 have been provided to SolidWorks. SolidWorks allowed Ms. Stratford to testify about the steps
24 she took in connection with naming the DWGseries software tools and whether she is aware of
25 any instances of consumer confusion in connection with the DWGgateway webpage. Nor did it

---

26  [3] *Therasense, Inc. v. Becton, Dickinson and Co.*, 2008 WL 2323856 (N.D. Cal. 2008),
    cited by Autodesk, addresses expert testimony not previously disclosed during deposition. It does
27  not address testimony of counsel, or the advice of counsel defense.

28

1  object to Ms. Stratford testifying about Autodesk's April 11, 2005 letter and the steps SolidWorks
2  took in response thereto, because Autodesk's counsel did not question her on those topics.
3  Accordingly, there is no basis for precluding Ms. Stratford or any other SolidWorks witnesses
4  from testifying to such facts at trial.[4]

5  Further, the general policy in the case law in this area is to prevent surprise at trial and not
6  allow litigants to use the privilege as a shield in discovery but a sword at trial. *See Columbia*
7  *Pictures Television*, 259 F.3d at 1196. That policy is not present here. Ms. Stratford and others at
8  SolidWorks testified to these facts during discovery, so there is no surprise or prejudice to
9  Autodesk by allowing the jury to consider them at trial. If Autodesk believed it was entitled to
10 additional testimony from Ms. Stratford and the assertion of the privilege was improper, it could
11 have and should have moved to compel a second day of deposition. Autodesk was seemingly
12 aware of this, as its counsel asked Ms. Stratford about her availability for an additional deposition
13 after going off the record at her deposition. But, Autodesk did not move to compel. It did not
14 even request that she voluntarily appear for another day of deposition. Now, it is Autodesk that is
15 hoping to use SolidWorks' assertion of the attorney-client privilege with respect to legal advice as
16 a shield to prevent Ms. Stratford from testifying before the jury that as of the time that
17 DWGeditor and DWGgateway were released and shortly thereafter, ***Autodesk was doing nothing***
18 ***to tell the world that it considered "DWG" to be its trademark***. This is relevant evidence, it was
19 provided during discovery, and there is no basis to exclude it.

20 **III.  CONCLUSION**

21 For the foregoing reasons, this Court should deny Autodesk's motion to the extent it
22 seeks to exclude evidence other than any *legal advice* that may have been obtained by
23 SolidWorks regarding the issues in this case.

---

[4] It is worth noting that because SolidWorks is not relying on the opinion of counsel to defend against Autodesk's claims, Autodesk should be precluded from introducing any testimony or argument regarding SolidWorks' assertion of the attorney-client privilege over its opinion of counsel. *See McKesson Information Solutions, Inc. v. Bridge Medical, Inc.*, 434 F. Supp. 2d 810, 811-12 (E.D. Cal. 2006) (granting motion *in limine* precluding evidence that defendant asserted the attorney-client privilege over legal advice it received, where defendant did not assert the advice of counsel defense).

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: December 22, 2009 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 3 | | |
| 4 | | |
| 5 | | By /s/<br>Claude M. Stern |
| 6 | | Attorneys for Defendant Dassault Systèmes SolidWorks Corporation. |