QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Evette D. Pennypacker (Bar No. 203515)
  Andrea Pallios Roberts (Bar No. 228128)
  Zachary M. Fabish (Bar No. 247535)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant
Dassault Systèmes
SolidWorks Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>Plaintiff and Counterdefendant,<br><br>v.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.   3:08-cv-04397-WHA<br><br>**DEFENDANT SOLIDWORKS' MOTION *IN LIMINE* 2 PRECLUDING TESTIMONY ON WHICH AUTODESK'S RULE 30(B)(6) WITNESSES WERE UNPREPARED TO TESTIFY** |

**Issue to be addressed: Subject matters on which Autodesk's Rule 30(b)(6) deponents were unprepared to testify.**

Defendant Dassault Systèmes SolidWorks Corporation ("SolidWorks") moves *in limine* for an order excluding testimony and all other evidence and argument by Plaintiff Autodesk, Inc. ("Autodesk") concerning a variety of topics, which topics are listed in detail below, about which Autodesk's Rule 30(b)(6) designees were unprepared to testify. This motion *in limine* is supported by the declaration of Maureen Pettibone Ryan.

I. **PRELIMINARY STATEMENT OF RELEVANT FACTS**

   A. **SolidWorks Notices The 30(b)(6) Deposition of Autodesk and Autodesk is Unprepared to Testify on the Noticed Topics.**

On May 1, 2009, SolidWorks served a Rule 30(b)(6) deposition notice on Autodesk. SolidWorks' notice identified the following topics, among others:

   1. AUTODESK'S use of "DWG," namely, the conception, development and naming of the .dwg file format; the circumstances, including the specific date or dates, in which YOU first used in interstate commerce "DWG," standing alone or in conjunction with other words, to represent any product or service of YOURS; YOUR alleged use of "DWG" since 1982; YOUR attempts to register and/or protect "DWG" as a trademark, or not to do so; YOUR decisions to identify "DWG" as a trademark on YOUR website, product packaging, or marketing and advertising materials from 1982 to the present, or not to do so; and YOUR decisions to take action against other companies who use the letter string "DWG" in company or product names, or not to do so.

   3. The compatibility of SOLIDWORKS' DWGSERIES products with AutoCAD, namely, YOUR knowledge of the features and characteristics of SOLIDWORKS' DWGSERIES products; the factual bases for YOUR allegations that SOLIDWORKS' DWGSERIES products can cause file corruption, malformed data and instability problems in the ".dwg"-labeled files the DWGseries products save when such files are re-introduced into the AutoCAD program; and the factual bases for YOUR allegations that SOLIDWORKS' descriptions of the capabilities of the DWGSERIES products are false or misleading.

   4. SOLIDWORKS' use of the term "AutoCAD", namely, information regarding the keyword cloud and keyword density analyses referenced in YOUR FAC; the factual bases for YOUR claim that SOLIDWORKS uses the term "AutoCAD" on its webpages promoting the DWGSERIES products and the metadata for those webpages more than is necessary; the factual bases for YOUR claim that SOLIDWORKS' use of the term "AutoCAD" on its webpages promoting the DWGSERIES products and the metadata for those webpages suggests endorsement by AUTODESK; and any instances or reports of actual or possible confusion by consumers based upon SOLIDWORKS' use of the term "AutoCAD" on its webpages promoting the DWGSERIES products and the metadata for those webpages.

   7. Damages, namely, any damages, harm, lost profits, or other injuries of any kind suffered by AUTODESK as a result of SOLIDWORKS' alleged conduct, and any efforts to mitigate damages YOU allegedly suffered in connection with this lawsuit.

(Ryan Decl., Ex. 23.) Autodesk did not object to any of these topics and designated Shawn Brady Gilmour as its corporate designee.

Mr. Gilmour was not adequately prepared to testify on these topics. (*Id.*, Ex. 4, Gilmour Depo., 345-46.) SolidWorks asked Autodesk to identify an additional witness or witnesses on

Topics 1, 4, and 7. (*Id.*, Ex. 24 - Roberts 7/29/09 letter to Bos.)[1] Autodesk only agreed to supplement its 30(b)(6) testimony regarding "Autodesk's use of DWG as a mark, its marketing and branding of DWG, and the work of the Tiger Team, Goodman Marketing, and ClearInk," and designated Chris Bradshaw under Rule 30(b)(6) to do so. (*Id.*, Ex. 25 - Bos 8/3/09 letter to Roberts.) Mr. Bradshaw was also unprepared to testify on these issues.

After his deposition Autodesk offered to make Mr. Bradshaw available again for his deposition to cure these failures. (*Id.*, Ex. 26 - Melaugh 9/25/09 letter to Pennypacker.) SolidWorks agreed, and the parties scheduled the Bradshaw deposition for October 29. But on October 25 – well after the motion to compel deadline, and after Autodesk represented to this Court that the deposition would go forward (the deposition was identified in the stipulated order resulting from the parties' motions to compel) – Autodesk unilaterally withdrew the deposition, even after SolidWorks objected to the withdrawal. (*Id.*, Exs. 27, 28 - 10/25 and 10/26 emails.)

Autodesk also refused to designate a new witness on Topics 4 and 7. On Topic 7, Autodesk said it would rely exclusively on expert testimony, and not on any percipient testimony from Autodesk. SolidWorks advised that if Autodesk intended to rely on any percipient testimony within Topic 7, it needed to designate a new corporate witness, or SolidWorks would seek to preclude such testimony at trial. Autodesk did not.

**B.     Testimony That Should be Precluded at Trial.**

SolidWorks seeks an order *in limine* precluding Autodesk from offering testimony at trial on those issues on which its designees were unprepared to testify. Autodesk's witnesses were not prepared to testify regarding: issues relating to Autodesk's marketing and attempts to protect "DWG," or lack thereof (Topic 1), whether anyone was misled by SolidWorks' allegedly false statements (Topic 3), Autodesk's analyses of keyword densities or clouds on webpages (Topic 4), and any damage or harm to Autodesk (Topic 7). More specifically, Autodesk should be precluded from introducing testimony or evidence on the following:

---

[1] With respect to Topic 3, because Mr. Gilmour responded that Autodesk has no evidence of anyone having been misled by SolidWorks' allegedly false statements, SolidWorks did not ask Autodesk to identify a new corporate designee to testify on these subjects.

***Topic 1 (Gilmour and Bradshaw):***

- Why "DWG" was not listed as a trademark in Autodesk's trademark guidelines or other documents and the person responsible for maintaining the list (*Id.*, Ex. 4 - Gilmour Depo. at 85:24-86:11, 87:10-15; Ex. 2 - Bradshaw Depo., 56:7-21);
- When Autodesk began having a person exercise control over trademark usage (*id.*, Ex. 4 - Gilmour Depo., 105:8-22);
- Why Autodesk did not claim trademark rights in the letters "DWG" when it first began to market DWG Unplugged (*id.*, Ex. 2 - Bradshaw 75:6-12);
- The differences in capabilities between Autodesk's ObjectDBX and RealDWG programs (*id.*, Ex. 2 - Bradshaw Depo., 74:14-23);
- The details of Autodesk's effort to examine its branding (*id.*, Ex. 4 - Gilmour Depo., 114:9-16);
- Who decides whether to police third party uses of "DWG" in product or company names (*id.*, Ex. 4 - Gilmour Depo., 175:16-22);
- How much money is spent protecting the purported "DWG" mark (*id.*, 181:6-16);
- All of Autodesk's attempts to police the use of "DWG" after 2005 (*id.*, 294:2-10).
- Whether there are any fonts, colors, or design elements prohibited with respect to use of the "DWG logo" (*id.*, Ex. 2 - Bradshaw Depo., 53:16-53:24);
- When Autodesk began providing instructions to field representatives regarding how to use "DWG" (*id.*, 53:25-54:11);
- Whether Autodesk offered to license its technology to the OpenDWG Alliance, the ODA, or any company that uses "DWG" in their product names (*id.*, 103:9-105:1);
- The development of the DWG file icon, including the reason why the letters DWG were first added to AutoCAD's file icons in 2004 and changes made to the icons in 2005 and 2006 (*id.*, 118:12-119:11);
- The marketing and capabilities of TrustedDWG, DWG TrueView, DWG TrueConvert, DWGExtreme (*id.*, 126:16-20, 127:12-128:22, 136:24-137:25);
- The development of Autodesk's DWG design/logo (*id.*, 136:17-23);

- Whether there was ever a DWG-centered Autodesk website or product center (*id.*, 194:15-20, 251:4-5, 260:15-25);
- Whether Autodesk ever ran Autodesk-generated technical papers about DWG (*id.*, 205:2-10);
- What DWG technology from Autodesk is (*id.*, 251:19-22);
- Fleishman-Hillard's role in Autodesk's DWG marketing (*id.*, 265:14-24);
- Autodesk's "aggressive online campaign targeting SolidWorks quality and performance issues" (*id.*, 276:8-278:21);
- The results of an online survey regarding SolidWorks user satisfaction referenced in Exhibit 1195 to the Bradshaw deposition (*id.*, 279:17-281:22); and
- Whether anyone at Autodesk advised Megan Reilly, Goodman Marketing, or Clear Ink that Autodesk did not need to "reclaim" DWG (*id.*, 301:25-303:2).

***Topic 3 (Gilmour):***

- Whether anyone has found SolidWorks' statement that "DWGgateway is the first free data translation plug that lets AutoCAD users work easily with DWG files created by any version of AutoCAD software" to be misleading (*id.*, Ex. 4 - Gilmour, 336:24-337:4);
- Whether anyone has found SolidWorks' statement that "DWGnavigator will save DWG files to any version of AutoCAD software" to be misleading (*id.*, 337:5-23);
- Whether anyone has been misled by the statement that any SolidWorks product will "save DWG files to any version of AutoCAD software" (*id.*, 338:11-15); and
- Whether "Through SolidWorks' use of numerous DWG-based product names and Web sites, SolidWorks has misled design professionals and specifically users and former users of Autodesk's AutoCAD software who were familiar with Autodesk's proprietary DWG technology that SolidWorks products also offer authentic DWG technology" (*id.*, 339:4-340:12.)[2]

---

[2] Autodesk should not be permitted to offer testimony regarding whether any person was misled by the statement that "SolidWorks tools will allow AutoCAD users to open, edit and share
(Footnote continues on next page.)

***Topic 4 (Gilmour):***

- The amount of money Autodesk spent to address SolidWorks' use of the terms "AutoCAD" and "DWG" on their DWGseries webpages (*id.*, 327:17-328:19);
- Whether Autodesk has used the names of any competitors in its advertising (*id.*, 329:8-10);
- Any keyword cloud density analyses performed by Autodesk relating to the use of competitor names on websites describing interoperable products (*id.*, 329:17-330:8); and
- Whether any companies purchased SolidWorks products because the word "AutoCAD" or "Autodesk" was used on SolidWorks' website (*id.*, 330:16-22.)

***Topic 7 (Gilmour):***

- Any damages suffered by Autodesk as a result of SolidWorks' alleged conduct (*id.*, 331:2-332:12, 333:11-17);
- The financial condition of Autodesk (*id.*, 36:20-22);
- Autodesk's profits (*id.*, 37:12-15);
- Sales of Autodesk products or their profitability (*id.*, at 37:16-38:1);
- Autodesk losses as a result of SolidWorks' DWGseries products (*id.*, at 44:1-9);
- How many customers, prospects, or leads have been lost due to the DWGseries products (*id.*, at 45:2-11);
- The value of the purported "DWG" brand or Autodesk's market share attributable to it (*id.*, at 48:23-49:25); and
- How much Autodesk spent in marketing money to combat SolidWorks' DWGseries products (*id.*, at 327:21-328:21.)

---

(Footnote continued from previous page.)

DWG data more effectively with others. (*id.*, Ex. 4 - Gilmour Depo., 338:5-10.) The Court ruled this statement is puffery, so it should not be introduced into evidence in any event.

## II. ARGUMENT

Autodesk should be precluded from introducing testimony at trial that its Rule 30(b)(6) deponents could not provide in deposition. Such testimony is inconsistent with this Court's Standing Order and would be prejudicial to SolidWorks if offered.

This Court's Standing Order provides that if an organization does not produce a 30(b)(6) deponent educated on the noticed topics "the organization ***may not present case-in-chief evidence at trial . . . from any witness it could have so designated***." Supplemental Order to Order Setting Initial Case Management Conference, ¶ 23(c) (emphasis added). The issues listed above fall squarely within SolidWorks' topics. Yet, Messrs. Gilmour and Bradshaw were not prepared to testify on Autodesk's behalf. Autodesk had the opportunity to identify new designees, but refused. Under this Court's rules, Autodesk may not present case-in-chief evidence on these issues. *Id.*; *see also Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, No. C 03-5340 JF (RS), 2006 WL 3290402, at *1 (N.D. Cal. 2006) (if a party intends to offer testimony of its employees about an issue, that party must present for deposition a designee fully-prepared to testify as to all such information in the possession of the company).

Further, allowing Autodesk to present testimony on subjects on which its corporate designees could not testify during deposition is prejudicial to SolidWorks. *Vnus Med. Technologies, Inc. v. Diomed Holdings, Inc.*, 2007 WL 3096586, *2 (N.D. Cal. 2007) (granting motion *in limine* precluding testimony on topics on which corporate designee could not testify during deposition). Messrs. Gilmour and Bradshaw's failure to provide responses inhibited SolidWorks' ability to gather evidence to contradict their testimony. Autodesk should not be permitted to sandbag SolidWorks by presenting at trial testimony on these issues.

## III. CONCLUSION

For the foregoing reasons, this Court should issue an order precluding Autodesk from introducing testimony at trial on the issues listed above.

| | | |
|---|---|---|
| 1 | DATED:  December 14, 2009 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |

By _____/s/_____
  Claude M. Stern
  Attorneys for Defendant Dassault Systèmes
  SolidWorks Corporation.