QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Evette D. Pennypacker (Bar No. 203515)
  Andrea Pallios Roberts (Bar No. 228128)
  Zachary M. Fabish (Bar No. 247535)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Defendant Dassault Systèmes SolidWorks Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation,<br><br>Defendant. | CASE NO. 3:08-cv-04397-WHA<br><br>**DEFENDANT SOLIDWORKS' MOTION *IN LIMINE* 6 TO PRECLUDE EVIDENCE OF ALLEGEDLY FALSE STATEMENTS NOT SPECIFICALLY PLED AND OF OTHER, COLLATERAL CONDUCT, INCLUDING ALLEGED COPYING IN MARKETING CAMPAIGNS OR ADVERTISEMENTS NOT IN ISSUE** |

**Issue to be addressed: Exclusion of testimony and all other evidence and argument by Autodesk concerning advertising statements, marketing campaigns, and other conduct not in issue.**

Defendant Dassault Systèmes SolidWorks Corporation ("SolidWorks") respectfully requests that this Court preclude Plaintiff Autodesk, Inc. ("Autodesk"), its counsel, and its witnesses from offering any evidence of, or conveying to the jury in any manner, (1) any allegedly false advertising statements by SolidWorks not specifically pled in Autodesk's First Amended Complaint ("FAC" (Dkt. No. 37)) and (2) any collateral conduct, including evidence of any alleged copying in marketing campaigns or advertisements that are not in issue.

## I. PRELIMINARY STATEMENT OF RELEVANT FACTS

Autodesk, through its counsel, has demonstrated a propensity to confuse the issues of this case by offering arguments and evidence of collateral conduct. If SolidWorks is to have a fair trial, that must cease. The conduct in issue in this case is: (1) SolidWorks use of the letter-string DWG in the names of its DWGseries product names; (2) SolidWorks use of Autodesk's AUTOCAD trademark to describe the functionality of its DWGseries products; and (3) two of SolidWorks' advertising statements about its DWGseries products. SolidWorks submits this motion *in limine* to request that the Court preclude Autodesk from offering evidence of other, collateral conduct not relevant to the conduct in issue.

## II. ARGUMENT

### A. Autodesk Should Be Precluded From Offering Evidence Of Any Allegedly False Advertising Statements Not Specifically Pled In Its Complaint

*First*, Autodesk should be precluded from offering evidence of any allegedly false advertising statements not specifically pled in its complaint because SolidWorks has had no notice of any such statements and thus no opportunity to prepare a defense as to them.

Autodesk was required to give SolidWorks notice of the allegedly false advertising statements upon which its Lanham Act claim rests. It is well established that a plaintiff must give a defendant fair notice of its claims and of the grounds upon which they rest. *See* Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (noting that Rule 8 requires "fair notice of what the plaintiff's claim is and the grounds upon which it rests"). The notice requirement—which is based in fundamental fairness concerns—is particularly implicated here, as defending false advertising claims often requires expert analysis and testimony. *See* 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 27:56 ("If the advertising involves medical, scientific, or technical matters, expert witnesses will be necessary to unravel truth from falsity."). Moreover, because Lanham Act false advertising claims are akin to fraud claims, Ninth

02966.51459/3241194.3

-2-

Case No. 3:08-cv-04397-WHA
MOTION *IN LIMINE* 6 REGARDING MATTERS NOT SPECIFICALLY PLED AND ALLEGED COPYING NOT AT ISSUE

Circuit district courts consistently have applied heightened pleading requirements to them.[1] It is thus beyond dispute that Autodesk was required to give SolidWorks notice of the allegedly false advertising statements upon which its Lanham Act claim rests.

Because Autodesk has not pled any allegedly false statements other than those referenced in its complaint, it has not given SolidWorks notice sufficient to prepare a defense as to them. In its complaint, Autodesk averred that three of SolidWorks' advertising statements are false. (Compl. ¶¶ 24, 47-52; *see* Summ. J. Order (Dkt. No. 195) at 18 ("Plaintiff alleges that defendant engages in false advertising . . . by making the following three statements")). SolidWorks therefore has prepared to defend the veracity of those three statements. Moreover, with its motion to dismiss (Dkt. No. 13) and motion for summary judgment (Dkt. No. 91), SolidWorks has tested the legal sufficiency of Autodesk's false advertising claim; and the Court already has determined that one of them is non-actionable puffery. (*See* Summ. J. Order (Dkt. No. 195) at 18-21). SolidWorks cannot at the Eleventh hour be expected to develop evidence and testimony to respond to attacks on any other of its advertising statements.

Under these circumstances, it would be unfairly prejudicial to SolidWorks to permit Autodesk to present evidence of allegedly false advertising statements that were not specifically pled in its complaint. *See* Fed. R. Evid. 403. Accordingly, SolidWorks respectfully requests that the Court preclude Autodesk from offering evidence of any allegedly false advertising statements not specifically pled in its complaint.

---

[1] *See, e.g., Pestube Sys., Inc. v. HomeTeam Pest Defense, LLC.*, 2006 WL 1441014, at *4-5 (D. Ariz. May 24, 2006) (applying Rule 9(b)'s heightened pleading requirements to Lanham Act false advertising claims); *CollegeNet, Inc. v. Xap Corp.*, 2004 WL 2303506, at *1-6 (D. Or. Oct. 12, 2004) (same; holding also that certain allegations should be stripped from the claim because they were not pled in plaintiff's complaint); *In re Century 21-Re/Max Real Estate Litig.*, 882 F. Supp. 915, 927 (C.D. Cal. 1994) (same; holding also that, because allegedly false statement was not raised in complaint, plaintiff "did not place defendants on notice of the nature of this alleged wrong" and statement was "not properly before this Court"); *Teragren, LLC v. Smith & Fong Co.*, 2008 WL 725186, at *3-4  (W.D. Wash. Mar. 17, 2008) ("The Ninth Circuit has required a party to plead a claim under the Lanham Act with some particularity.").

02966.51459/3241194.3

-3-

Case No. 3:08-cv-04397-WHA
MOTION *IN LIMINE* 6 REGARDING MATTERS NOT SPECIFICALLY PLED AND ALLEGED COPYING NOT AT ISSUE

**B.  Autodesk Should Be Precluded From Offering Evidence Of Collateral Conduct, Including Evidence Of Any Alleged Copying In Marketing Campaigns Or Advertisements That Are Not In Issue**

*Second*, Autodesk should be precluded from offering evidence of collateral conduct, including evidence any alleged copying in marketing campaigns or advertisements that are not in issue, because that evidence is not relevant to the claims to be tried and would, if offered, unfairly prejudice SolidWorks, confuse the issues, mislead the jury, and waste time.

The Federal Rules of Evidence give district courts "broad discretion" to preclude parties from offering evidence that is not relevant to the claims to be tried or that is unfairly prejudicial, confusing, misleading, or likely to waste time. *Sprint/United Mgmt. Co. v. Mendelsohn*, 128 S. Ct. 1140, 1145 (2008); Fed. R. Evid. 402 (providing that evidence "which is not relevant is not admissible"); Fed. R. Evid. 403 (providing that evidence, even if relevant, "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"). And, important here, district courts properly exercise their discretion when they preclude parties from offering evidence of collateral conduct that will confuse or mislead juries or require rebuttal and thus waste time. *See Lifshitz v. Walter Drake & Sons, Inc.*, 806 F.2d 1426, 1431-32 (9th Cir. 1986) (in action alleging unfair competition and trademark infringement, district court properly excluded certain evidence because it would confuse and mislead jury by raising questions not in issue); *Westmont Tractor Co. v. Touche Ross & Co.*, 1988 WL 126273, at (9th Cir. 1988) (district court properly excluded evidence of collateral misconduct which would have invited rebuttal and confused the issues); *Coursen v. A.H. Robins Co.*, 764 F.2d 1329, 1335 (9th Cir. 1985) ("The district court did not abuse its discretion in concluding, under Rule 403, that prejudice and confusion would be generated by innuendoes of collateral misconduct."); *Tennison v. Circus Circus Enters.*, 244 F.3d 684, 690 (9th Cir. 2001) (holding that even if evidence is probative, it may be excluded if necessary to avoid a "mini-trial").

Here, Autodesk has improperly attempted to bolster its case by referencing collateral conduct, including alleged copying in marketing campaigns or advertisements that are not in issue,

and may attempt to do so again at trial. For instance, in its opposition to SolidWorks' summary judgment motion, Autodesk asserted that evidence of intentional copying *of its (asserted) trade dress* supported a finding of secondary meaning for that (asserted) trade dress.  (Summ. J. Opp. (Dkt. No. 143) at 17.) Autodesk attempted to supply evidence of intentional copying *of its (asserted) trade dress*, however, by referencing "*other examples* of SolidWorks copying Autodesk's designs." (*Id.* at 19, n.30. (emphasis added)). That was improper, as examples of *other copying* are not relevant to whether Autodesk's asserted trade dress was copied.

Moreover, evidence of alleged copying is not relevant absent a demonstration of a legally defined exclusive right.  1 McCarthy, *supra*, § 1:28 ("In the absence of a legally defined exclusive right, imitation and copying is permitted, and in fact, encouraged, as an essential element of free competition."). In fact, absent a legally defined exclusive right, copying is proper and is encouraged.  *See, e.g.*, *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 29 (2001) ("[I}n many instances there is no prohibition against copying goods and products. In general, unless an intellectual property right such as a patent or copyright protects an item, it will be subject to copying. As the Court has explained, copying is not always discouraged or disfavored by the laws which preserve our competitive economy."); *Am. Safety Table Co. v. Schreiber*, 269 F.2d 255, 272 (2d Cir. 1959) ("[I]mitation is the life blood of competition. It is the unimpeded availability of substantially equivalent units that permits the normal operation of supply and demand to yield the fair price society must pay for a given commodity.").

If Autodesk is allowed to offer evidence at trial of alleged copying in marketing campaigns or advertisements that are not at issue, that irrelevant evidence will unfairly prejudice SolidWorks, confuse the issues, mislead the jury, and waste time. Accordingly, SolidWorks respectfully requests that the Court preclude Autodesk from offering all such evidence (and, without narrowing the import of this motion, requests specifically that Autodesk be precluded from offering evidence or arguments previously marshaled in support of its (now twice dismissed) trade dress claim. (*See, e.g.*, Summ. J. Opp. at pp. 15-19.)).

02966.51459/3241194.3

-5-                Case No. 3:08-cv-04397-WHA
MOTION *IN LIMINE* 6 REGARDING MATTERS NOT
SPECIFICALLY PLED AND ALLEGED COPYING NOT AT ISSUE

## III. CONCLUSION

For the foregoing reasons, SolidWorks respectfully requests that the Court preclude Autodesk from offering evidence of (1) any allegedly false advertising statements by SolidWorks not specifically pled in Autodesk's complaint and (2) any collateral conduct, including any alleged copying in marketing campaigns or advertisements that are not in issue.

DATED: December 14, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/
Claude M. Stern
Attorney for Defendant Dassault Systèmes SolidWorks Corporation.

02966.51459/3241194.3

-6-   Case No. 3:08-cv-04397-WHA
MOTION *IN LIMINE* 6 REGARDING MATTERS NOT SPECIFICALLY PLED AND ALLEGED COPYING NOT AT ISSUE