1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Claude M. Stern (Bar No. 96737)
2   Brian C. Cannon (Bar No. 193071)
    Andrea Pallios Roberts (Bar No. 228128)
3   Zachary M. Fabish (Bar No. 247535)
   555 Twin Dolphin Drive, Suite 560
4  Redwood Shores, California  94065
   Telephone:  (650) 801-5000
5  Facsimile:  (650) 801-5100

6

7  Attorneys for Defendant Dassault Systèmes
   SolidWorks Corporation

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12 | AUTODESK, INC., a Delaware corporation, | CASE NO. 3:08-cv-04397-WHA |
|---|---|
|   Plaintiff, | **DEFENDANT SOLIDWORKS' MOTION *IN LIMINE* 7 TO PRECLUDE AUTODESK FROM REFERRING TO ITS FOREIGN PARENT OWNER** |
|   vs. |   |
| DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation, |   |
|   Defendant. |   |

18

19         Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendant Dassault Systèmes

20 SolidWorks Corporation ("SolidWorks") will, and hereby does, move the Court in limine for an

21 order prohibiting Plaintiff Autodesk, Inc. ("Autodesk") and her counsel from referring to, or

22 eliciting responses that call attention to, SolidWorks' parent corporation Dassault Systèmes, S.A.

23 ("Dassault") and its status as a French corporation.

24         SolidWorks respectfully moves to preclude mention of its parent corporation's status as a

25 French company because Dassault is not a party to the current suit and any information pertaining

26 to its corporate status is irrelevant to the issues to be decided at trial.  The mention of foreign

27 ownership is also highly prejudicial and will likely inflame the jury in violation of Rule 403.

28

## I. ARGUMENT

In order for evidence to be admissible, it must have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; *see also* Fed. R. Evid. 402. Even if evidence is relevant and admissible, the court retains the power to exclude such evidence if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. In the context of the Federal Rules of Evidence, "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Comments to Fed. R. Evid. 403.

The Supreme Court has recognized that appeals to "sectional or local prejudice" is so often condemned as to "require no comment." *New York Cent. R. Co. v. Johnson*, 279 U.S. 310, 319 (1929). Courts have also consistently held that in situations where the foreign parent company is neither a party to the action, nor relevant to underlying claims, mention of its foreign status is impermissible. *See Gearhart, M.D. v. Uniden Corp. of Am.*, 781 F.2d 147, 153 (8th Cir. 1986) (abrogated on other grounds) ("We believe such repeated references to Far Eastern parent corporations and 'foreign goods' or 'foreign products'…could prejudicially appeal to xenophobia…"); *Foster v. Crawford Shipping Co.*, 496 F.2d 788, 792 (3d Cir. 1974) (granting a new trial because of references to "disparity of financial resources, by virtue of foreign ownership…").

As in the cases cited, Dassault and its status as a French corporation has no bearing on the legal issues to be decided at trial. Autodesk chose to bring this action solely against SolidWorks. By doing so, Autodesk has rendered Dassault and its corporate status irrelevant. The only purpose for mentioning the fact that SolidWorks is a wholly owned subsidiary of a French corporation is to inflame the patriotic sentiments in the jury to decide this case based on emotion instead of the facts. Such evidence is "unduly prejudicial" and must be excluded from trial under Rule 403.

## II. CONCLUSION

1 | In light of the above, SolidWorks respectfully requests that the Court grant this motion in
2 | limine.

5 | DATED: December 14, 2009     QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/
Claude M. Stern
Attorneys for Defendant Dassault Systèmes SolidWorks Corporation.