1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    Evette D. Pennypacker (Bar No. 203515)
     Andrea Pallios Roberts (Bar No. 228128)
3    Zachary M. Fabish (Bar No. 247535)
   555 Twin Dolphin Drive, Suite 560
4  Redwood Shores, California 94065
   Telephone: (650) 801-5000
5  Facsimile: (650) 801-5100

6

7  Attorneys for Defendant Dassault Systèmes
   SolidWorks Corporation

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                             SAN FRANCISCO DIVISION

12 | AUTODESK, INC., a Delaware corporation, | CASE NO. 3:08-cv-04397-WHA
13 |           Plaintiff,                    | **DEFENDANT SOLIDWORKS'**
                                             | **RESPONSE TO BENCH MEMORANDUM**
14 |       vs.                               | **REGARDING ORDER ON**
                                             | **FUNCTIONALITY**
15 | DASSAULT SYSTÈMES SOLIDWORKS
   | CORPORATION, a Delaware corporation,
16 |
   |           Defendant.
17

Long after the due date for a motion for reconsideration on this Court's summary judgment order, Autodesk asks to withdraw its unconditional disavowal (made to avoid losing the "functionality" summary judgment motions). Autodesk proves what SolidWorks has been arguing all along: Autodesk is using the Lanham Act to control *the operation* of the.dwg file format.

Curiously, Autodesk's memorandum does not quote the public disavowal at issue. (12/3 Hearing Tr. at 10:21-25.) The exchange could not have been clearer:

> **Mr. Sabri:** As far as functionality, SolidWorks claims the word mark DWG is not protectable because it's functional. In this case, this can be decided as a matter of law, because Autodesk has not asserted any claims against functional uses of DWG in this case.
>
> **The Court:** I want – you're skating by something that's very important to me. So I want to get a clear answer. All right? **Will you disavow, from here to eternity and for the rest of the universe, that the world has a right to use .dwg as a file extension, and you're not going to try to assert, here or anywhere else, that that use as a file extension violates any law**?
>
> **Mr. Sabri:** Your honor, it may be the case it violates patent law. We're not addressing that today. I will state –
>
> **The Court:** You will be in trouble if you don't give me – listen. **If you are trying to monopolize .dwg, you and your company are in big trouble**.
>
> **Mr. Sabri:** We absolutely are not, your Honor.
>
> **The Court:** Well, then disavow it.
>
> **Mr. Sabri:** Autodesk cannot –
>
> **The Court:** You're not disavowing it?
>
> **Mr. Sabri:** I am disavowing it, Your Honor. **Autodesk cannot state claims against functional uses of .dwg**, and the distinction between a word mark DWG and the functional uses I believe will be very clear in this presentation.
>
> **The Court: I want to hear you say you disavow it.**
>
> **Mr. Sabri: We disavow any claims against functional uses of the .dwg, Your Honor**.
>
> **The Court:** Thank you. (12/3/09 Tr. 10:13-11:18.)

Autodesk also fails to note that its unequivocal disavowal was a key basis for the Court's

summary judgment ruling that DWG is not functional:

> Defendant stresses that the use of DWG as part of the ".dwg" file extension is a functional use, and therefore unprotectable under trademark law. **Plaintiff, however, expressly disavows any ownership of "any even arguably functional use of DWG" (Br. 3), including the use of DWG as a file extension. Put differently, anyone in the world is free to use ".dwg" as a file extension as far as Autodesk is concerned.** Thus, there is no concern that plaintiff will obtain a monopoly over the ".dwg" extension and prevent its use in the industry. (12/8/09 Order at 7-8. (emphasis added))

Autodesk did not seek to condition its disavowal to use of ".dwg as a file extension when needed "to achieve interoperability" with the DWG format defined by Autodesk.

Autodesk's citation to *Sega* and *Compaq* are irrelevant, since Autodesk's disavowal was not made in connection with any discussion of those cases. (Memo at 3.) Even if relevant, they are distinguishable. In both cases, the validity of the trademarks at issue — Sega and Compaq — were not contested and, most important, pre-existed anyone's functional use of them. Both marks had their genesis in, and a long history of, conventional, *non-functional* "trademark" use. In those cases, the Courts held that gratuitously using a trademark that was not inherently functional to achieve functional interoperability was not a trademark use of those marks.

Here, "DWG" does not have its genesis in a long history of conventional, non-functional use. DWG functions today and for decades as an abbreviation for "drawing," and has been used by CAD companies (both before and after Autodesk's use) functionally, either to describe the word "drawing" or as a file format. In some cases, the DWG file format used by others was not compatible with AutoCAD. *See* Roberts Decl. Ex. 7 – Hurley Depo. Ex. 1261, at SW0039513 in Support of Summary Judgment Motion ("Even though both [AutoCAD and GeneriCADD] packages store drawings in files with a filename extension of DWG, *the file formats are incompatible.*") (Emphasis added.) In other cases, as in the case of MarComp, IntelliCAD or the OpenDWG Alliance/ Open Design Alliance ("ODA"), the DWG file format developed was based on reverse engineering of AutoCAD's file format, and was inherently functional. Today, hundreds of ODA member companies produce software programs that also create files with the .dwg extension.

1  Autodesk's position that 3rd party development of products using a .dwg file format is
2  defensible as "functional" only when the DWG versions are compatible ignores Autodesk's own
3  history (its co-existence with incompatible .dwg from GenericCADD), and is unsupported in law.
4  Autodesk contends it only disavowed 3rd party use of .dwg *when that use is interoperable*
5  *with AutoCAD*.  So, according to Autodesk, should a 3rd party offer a CAD product that uses a
6  .dwg file format in a way that Autodesk determines is not compatible with AutoCAD, that product
7  — even though its use of DWG is purely functional — is a trademark infringement.  This has
8  profound implications.  Autodesk's contends *in this suit* that, because DWG format is
9  undocumented and proprietary, all other dwg file formats using reverse engineered DWG format
10 — particularly those of the ODA and IntelliCAD, which are used in SolidWorks's accused tools
11 — are *not* truly compatible or interoperable with AutoCAD DWG.  Autodesk's expert — Abhijit
12 Oak (an Autodesk quality assurance employee) — has sworn that compatibility is "binary":  you
13 either have it perfectly, or not at all.  Since according to Autodesk, no 3rd party who uses a non-
14 AutoCAD .dwg file format is perfectly compatible with AutoCAD, allowing Autodesk to obtain a
15 conditional "disavowal" is license for Autodesk to sue all these other DWG-file format companies
16 for trademark infringement, claiming that their DWG use is not "functional" in a trademark sense.
17 Had Autodesk obtained a patent on its DWG file format in 1983, it could have regulated
18 who used or did not use the DWG file format until the patent expired in 2003.  If Autodesk can
19 use trademark law to regulate who can use the DWG file format or how they can use it, they
20 achieve a control over a CAD function or method not achievable in any other area of law.
21 Autodesk claims that it's disavowal binds it in no meaningful way.  This Court asked for
22 Autodesk's disavowal in light of this Court's legitimate concerns that Autodesk was "trying to
23 monopolize .dwg."  If the Court allows Autodesk to condition its disavowal, the Court's (and the
24 market's) fears of monopoly will be fully realized.

DATED:  December 29, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By   /s/
Claude M. Stern
Attorneys for Defendant Dassault Systèmes SolidWorks Corporation