1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    Evette D. Pennypacker (Bar No. 203515)
     Andrea Pallios Roberts (Bar No. 228128)
3    Zachary M. Fabish (Bar No. 247535)
   555 Twin Dolphin Drive, Suite 560
4  Redwood Shores, California  94065
   Telephone:  (650) 801-5000
5  Facsimile:  (650) 801-5100

6
   Attorneys for Defendant Dassault Systèmes
7  SolidWorks Corporation

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

| AUTODESK, INC., a Delaware corporation, | CASE NO. 3:08-cv-04397-WHA |
|---|---|
| Plaintiff, | **DEFENDANT SOLIDWORKS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY BY B. RUSTIN GESNER, DONNIA TABOR-HANSON, AND MARTIN FISCHER** |
| vs. | |
| DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation, | |
| Defendant. | |

   Pursuant to Federal Rules of Evidence 401, 403, 701, 702, and Rules 26(a), 26(e) and 37(c) of the Federal Rules of Civil Procedure, Defendant Dassault Systèmes SolidWorks Corporation ("SolidWorks") will, and hereby does, move *in limine* for an order prohibiting Plaintiff Autodesk, Inc. ("Autodesk") from offering the testimony of B. Rustin Gesner, Donnia Tabor-Hanson, and Martin Fischer.  None of these witnesses were formally disclosed as experts and all will offer opinion testimony that is improper for a lay witness to give under Federal Rule of Evidence 701.

I.       **INTRODUCTION**

Defendant SolidWorks received Autodesk's final trial witness list the evening of December 22, 2009. That list included three witnesses who purportedly intend to give expert testimony concerning consumer perceptions—B. Rustin Gesner, Donnia Tabor-Hanson, and Martin Fischer. Although a formal expert report is not required if witnesses are not retained or specially employed to provide expert testimony, they must nevertheless be formally disclosed pursuant to Federal Rule of Civil Procedure 26(a)(2)(A). Autodesk failed to do so, however, and that failure has resulted in severe prejudice to SolidWorks because SolidWorks was never given notice that it needed to depose these witnesses to develop grounds for their disqualification and/or learn the substance of their *expert* opinions. Simply naming these witnesses on its Rule 26(a)(1) initial disclosures is not sufficient.[1]

II.      **ARGUMENT**

Federal Rule of Civil Procedure 26(a)(2)(A) provides that "a party ***must*** disclose to the other parties the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, and 705." Fed.R.Civ.P. 26(a)(2)(A)(emphasis added). "Formal disclosure of expert witnesses is required. It is not permissible to disclose a person as a fact witness and then use that person as an expert witness" because parties generally prepare for expert testimony differently than for the testimony of expert witnesses, including time to develop grounds for disqualification, retain rebuttal experts, and to learn the substance of the expert's opinions. Moore's Fed. Prac. § 26.23[2][a], 3d (2009); *see also Musser v. Gentiva Health Servs.*,

---

[1] In addition, these three witnesses should also be excluded to the extent they intend to give percipient testimony concerning the subjects for which they are offered because they were not identified in response to any one of Autodesk's *seven* supplemental responses to a SolidWorks interrogatory that specifically sought all witnesses with knowledge of the protectability of DWG as a mark, which encompasses the proposed testimony of Messrs. Gesner and Fischer and Ms. Tabor-Hanson. The exclusion of evidence for failure to disclose under Rule 26(a) or supplement under Rule 26(e)—which includes interrogatories and witnesses—is an automatic penalty. Fed. R. Civ. P. 37(c)(1) ( "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

356 F.3d 751, 757 (7th Cir. 2004) (trial court properly excluded expert testimony from witness who was not included on expert witness list even though he was included on list of fact witnesses and opposing party had deposed him, because other party should not be made to guess whether each witness disclosed by opposing party could be expert witness).

Autodesk has indicated that these three witnesses will offer testimony about:

> Gesner: "*consumer perceptions* of the meaning and significance of the designation DWG in the CAD industry. His testimony will be based on his personal *experience in the CAD industry*, including writing for a publisher of CAD books and his work with CAD users."
>
> Tabor-Hanson: "*consumer perceptions* of the meaning and significance of the designation DWG in the CAD industry. Her testimony will be *based on her experience in the CAD industry*, including as a CAD manager and owner of her own company."
>
> Fischer: "*consumer perceptions* of the meaning and significance of the designation DWG in the CAD industry. Her [sic] testimony will be *based on his experience in the CAD industry*, *including as an academic with extensive experience in the relevant field*."

(emphasis added.)

To provide testimony concerning consumer perceptions, however, an expert who has some knowledge, skill, experience, training, or education related to consumer perceptions is required. *See* Rule 702; *Brighton Collectibles, Inc. v. Renaissance Group Int'l*, 2008 WL 5500659, *3 (S.D. Cal. May 13, 2008) (barring expert testimony concerning likelihood of confusion where proffered expert had a background in marketing but no particular qualifications related to consumer perception); *Hackett v. Procter & Gamble Co.,* 2008 WL 4646049, *2 (S.D. Cal. Oct. 17, 2008) (barring expert testimony by a chemist regarding consumer perceptions); *Starbucks Corp. v. Lundberg*, 2005 WL 6036699, *5-6 (D. Or. May 25, 2005) (barring expert testimony by someone who was "not an expert in consumer perception").

In *Starbucks*, the proffered expert was a founder of a coffee shop with specialized knowledge about the regional coffee market. *Starbucks*, 2005 WL 6036699, at *5. She planned to opine regarding the likelihood of confusion between the parties' trade dresses. *Id.* The court barred her from providing expert testimony because although she had "specialized knowledge about the coffee business in general," she was not "an expert in consumer perceptions." *Id.*

Similarly here, Autodesk is offering three witnesses who seek to testify about "customer perceptions of the meaning and significance of the designation DWG in the CAD industry" based upon their experience in the CAD industry.  This is clearly expert testimony, which Autodesk itself recognizes because it identified "[t]he significance and perception of the term DWG as a trademark and source identifier of Autodesk technology, products, and/or services" as a category/topic it intended to offer expert testimony about pursuant to the Court's December 18, 2009 Case Management Statement.

Because these witnesses will testify based on their specialized knowledge prohibited under Federal Rule of Evidence 701, Autodesk should have at least formally identified them pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), which it never did.  *See Musser v. Gentiva Health Servs.*, 356 F.3d at 757.  Autodesk simply served reports for its properly disclosed experts and remained completely silent without so much as a letter concerning Messers. Gesner and Fischer and Ms. Tabor-Hanson.  That failure has resulted in severe prejudice to SolidWorks because it was never given notice that it needed to depose these witnesses and develop grounds for their disqualification and/or learn of the substance of their *expert* opinions.   As such, the Court should not permit Autodesk to call them as witnesses at trial.

DATED:  December 29, 2009	QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By  /s/
Claude M. Stern
Attorneys for Defendant Dassault Systèmes SolidWorks Corporation