MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
J. THOMAS MCCARTHY (CA SBN 034728)
TMcCarthy@mofo.com
DAVID E. MELAUGH (CA SBN 219477)
DMelaugh@mofo.com
LYNN M. HUMPHREYS (CA SBN 168062)
LHumphreys@mofo.com
JACQUELINE BOS (CA SBN 243938)
JBos@mofo.com
NATHAN B. SABRI (CA SBN 252216)
NSabri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Attorneys for Plaintiff
AUTODESK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AUTODESK, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>DASSAULT SYSTÈMES SOLIDWORKS CORPORATION, a Delaware corporation,<br><br>    Defendant. | Case No. 3:08-cv-04397-WHA<br><br>**AUTODESK'S OPPOSITION TO SOLIDWORKS' MOTION IN LIMINE NO. 8 TO PRECLUDE TESTIMONY BY B. RUSTIN GESNER, DONNIA TABOR-HANSON, AND MARTIN FISCHER**<br><br>Date: December 30, 2009<br>Time: 9:00 a.m.<br>Place: Courtroom 9, 19th Floor<br>Judge: Hon. William H. Alsup |

## I. INTRODUCTION

In the face of the Court's order expressing frustration about the volume of motion in limine briefing (as well as a standing order stating a preference for no more than five pretrial motions in limine), SolidWorks filed its eighth motion in limine, after business hours, noticed for hearing tomorrow morning. SolidWorks' eighth motion is no more meritorious than the rest.

## II. ARGUMENT

### A. Autodesk is Entitled to Offer Percipient Testimony from Mr. Gesner, Mr. Fischer, and Mrs. Tabor-Hanson.

Autodesk expects to elicit percipient testimony from Mr. B. Rustin Gesner, Mr. Martin Fischer, and Mrs. Donnia Tabor-Hanson concerning how each witness, personally, views the level of association between "DWG" and Autodesk. Autodesk also expects to offer each witnesses' personal observations and interactions with other consumers on the same topic. On the basis of those observations, Autodesk intends to ask each witness whether SolidWorks' use of "DWG" connotes to them affiliation with or sponsorship by Autodesk.[1] Autodesk does not propose to credit any of these witnesses as an expert; they will each simply offer their perceptions and observations.

The very cases SolidWorks cites in its motion provide the best support that such testimony is admissible. SolidWorks cites *Brighton Collectibles, Inc. v. Renaissance Group Int'l*, No. 06-CV-1115 H (POR), 2008 U.S. Dist. LEXIS 39707 (S.D. Cal. May 13, 2008), as though it supports its motion. There, the plaintiff offered the testimony of someone it termed a "percipient expert" who would "offer testimony regarding consumers' perceptions of [Plaintiff's] products, whether consumers are likely to be confused by Defendant's sales of infringing products, and how [Plaintiff's] reputation and goodwill are harmed by Defendant's sale of allegedly infringing products." *Id.*, at *9. SolidWorks' parenthetical accurately reports that the *Brighton* court excluded <u>expert</u> testimony from the witness. What SolidWorks does not tell the Court is that the witness in question was

---

[1] To the extent such questions seek an "opinion," that testimony is admissible as a lay opinion under Federal Rule of Evidence 701. It is surprising SolidWorks filed a motion seeking to exclude lay opinion without actually citing the relevant rule of evidence or any caselaw applying it. Cases considering similar testimony under Rule 701 have admitted it. *See, e.g., Newport Elecs. v. Newport Corp.*, 157 F. Supp. 2d 202, 208 (D. Conn. 2001) (admitting lay opinion testimony in trademark dispute).

"permit[ted] . . . to testify as a percipient witness" — *precisely* the outcome Autodesk advocates here. *Brighton Collectibles,* 2008 U.S. Dist. LEXIS 39707, at *10-11.  *Starbucks Corp. v. Lundberg*, No. 02-948-HA, 2005 U.S. Dist. LEXIS 46167, at *15 (D. Or. 2005), reaches the same result:  the court barred expert testimony, but held that the witness in question "may testify as a lay witness about that which she has personal knowledge."[2]

### B. SolidWorks' Motion Raises Defects In Its Own Planned Testimony.

SolidWorks' witness disclosures indicate that its percipient witnesses will testify on the following subjects:

- **Rick Darbyshire:**  "the sophistication of the consumer in the CAD software field;" "the lack of consumer confusion resulting from SolidWorks' alleged conduct;" and "no likelihood of confusion"
- **Aaron Kelly:**  "no likelihood of confusion"
- **Marie Planchard:**  "no likelihood of confusion"
- **Megan Reilly:**  "strength of DWG as a mark"
- **Craig Wilkinson:**  "no likelihood of confusion"
- **Arnold Van der Weide:**  "the genericism of DWG"

(Dkt. No. 223-3, Dec. 23, 2009, Def. Dassault Systèmes SolidWorks Corp.'s Fed. R. of Civ. Proc. 26(a)(3) Witness List at 2-6.)  SolidWorks therefore apparently plans on having at least four percipient witnesses testify that there is "no likelihood of confusion" here.  Unless SolidWorks can draw the line between percipient and expert testimony in a defensible fashion, as Autodesk has done above in Section II.A, SolidWorks should be barred from offering testimony on consumer confusion from lay witnesses.[3]

---

[2] SolidWorks' remaining case, *Hackett v. Procter & Gamble Co.*, No. 06cv2272 WQH (WMc), 2008 U.S. Dist. LEXIS 83456, at *6 (S.D. Cal. Oct. 17, 2008), addressed only expert testimony and did not consider the issue of lay testimony.

[3] Indeed, the manner in which SolidWorks phrases its topics suggests it intends to elicit lay opinion on the "ultimate issue" before the jury — e.g., " likelihood of confusion" — which courts have held is inadmissible under Federal Rule of Evidence 701.  *See, e.g., Tyco Healthcare Group LP v. Kimberly-Clark Corp.*, 463 F. Supp. 2d 127, 131 (D. Mass 2006) ("To the extent that Jones's affidavit attests to final conclusions of law regarding 'wings' level of genericity and the likelihood of confusion, it is not helpful since the court must weigh the evidence and make its own determinations on these issues.").

### III. CONCLUSION

For the reasons stated above, the Court should deny SolidWorks' Motion in Limine No. 8.[4]

Dated: December 29, 2009                MORRISON & FOERSTER LLP

By:  /s/ *Michael A. Jacobs*
     MICHAEL A. JACOBS

Attorneys for Plaintiff AUTODESK, INC.

---

[4] SolidWorks also cites, in a footnote, Autodesk's supposed failure to identify these witnesses in response to an interrogatory. SolidWorks admits that Autodesk properly disclosed the witnesses in Autodesk's Rule 26 disclosures. (These witnesses also submitted declarations in the TTAB proceedings between Autodesk and SolidWorks.) And, more to the point, SolidWorks does not mention that the interrogatory in question technically sought the identities of thousands of people (anyone with knowledge of DWG); was opposed on that basis by Autodesk; was briefed by SolidWorks on a motion to compel (Dkt. No. 67, Oct. 6, 2009, Letter regarding 30(b)(6) Dep. Test. and Interrog. Resp. at 2); and was resolved by this Court on a stipulated order that did not require Autodesk to supplement in any way this interrogatory response (Dkt. No. 84, Oct. 21, 2009, Order Regarding Mots. to Compel at 5-6).